Coombs *v.* Purrington.

ISAAC COOMBS & *ux. versus* FRANCIS T. PURRINGTON.

The public, as foot passengers, have the right to use the carriage way as well as the sidewalk.

Walking in the carriage way is not of itself *prima facie* evidence of want of ordinary care; nor from that fact *alone* will the law infer negligence.

When an injury is the result of negligence on both sides, no action can be maintained.

EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

This was an action of trespass, for alleged negligence of defendant's minor son and servant, in driving against the female plaintiff, in Main street, Topsham.

The testimony was to the effect, that the accident happened while the female plaintiff was walking along in the carriage path, in the same direction in which the defendant's horse and sleigh, driven by his minor son, were moving. It further appeared, that for some distance each side of the place where the accident happened, there was a plank sidewalk on one side of the street.

The evidence as to the precise manner in which the collision occurred was conflicting.

The defendant's counsel requested the Court to instruct

the jury, that if they found there was a safe and convenient sidewalk for foot passengers at the place where the accident happened, and the female plaintiff chose to walk in the carriage path, not for the purpose of merely crossing the street, but using the carriage path instead of the sidewalk, and the accident occurred in consequence, there would be such a want of care as would preclude the plaintiff from recovering.

This instruction was refused, and the jury were instructed that the plaintiff and defendant had an equal right to be in the street, and that they would determine whether there was a want of ordinary care on the part of the plaintiff; and if there was, that she would not be entitled to recover.

He further instructed, that the burthen of proof was on the plaintiffs to satisfy the jury that the accident happened by the negligence of the driver, without any want of ordinary care on the part of the plaintiff; that, if there was no negligence on the part of either party, and it was a pure accident, the plaintiffs were not entitled to recover; or, if both parties were in fault, the plaintiffs were not entitled to recover.

The plaintiffs' counsel requested the Court to instruct the jury, that a person had a right to be in the street, whether there is a sidewalk or not, and that such fact is not evidence from which the jury can legally infer negligence; and the instruction was given.

To this instruction, and the refusal to give the instruction requested by the defendant, the verdict being against him, the defendant excepted.

*W. G. Barrows,* for defendant.

1. It is a want of ordinary care in a woman to use the carriage path, instead of the sidewalk, in a populous place, where carriages are frequently passing. Where suitable sidewalks are provided, indicating an appropriation by common consent of the community, of that portion of the way for the convenience of foot passengers, and to ensure their safety, it is their duty to yield the carriage-path to carriages, except when necessarily in it, as for the purpose of crossing and the like. They should present no unnecessary obstruction to the

free and convenient passage of vehicles; and ordinary care requires of them to avoid the danger of collision, by keeping off the carriage track, and upon that portion of the way especially assigned to them for their security when equally convenient. The ruling requested by the defendant would afford sufficient protection to all who were necessarily in the carriage path. *Washburn* v. *Tracey,* 2 Chip. 136; Starkie on Ev. part 4, title trespass, page 1458; *Palmer* v. *Barker,* 11 Maine, 339; *Hall* v. *Bramley,* 43 E. C. L. R., 1037; *Rathburn* v. *Payne,* 19 Wend. 399; *Hartfield* v. *Roper,* 21 Wend. 615; *Cottrill* v. *Starkey,* 34 E. C. L. R., 587; 55 C. & P. 379.

2. The instruction given, at the request of the plaintiffs' counsel, withdrew from the consideration of the jury a circumstance which was properly in evidence before them, and had a direct bearing upon the question, whether the female plaintiff was in the exercise of ordinary care at the time the accident occurred.

*J. D. Simmons,* for plaintiffs.

The plaintiffs contend that in this action the Court rightly refused to instruct the jury as requested by defendant's counsel; for the law does not designate any particular portion of the road where the people may pass on foot and where not. Further, want of ordinary care is a question of fact for the jury, under the particular circumstances of the case. *Crampton & al.* v. *Inhabitants of Solon,* 11 Maine, 335.

The jury were instructed to determine whether there was want of ordinary care on the part of the plaintiffs, and if there was, she could not recover. The jury found that she was in the use of ordinary care. As to what constitutes ordinary care, the law is silent; for no precise and distinct rule could be laid down so as to be applicable to all cases. Much must be left to the good sense, experience and discretion of the jury. 6 Cush. 530; 8 C. & P., 691; 5 C. & P., 407, 379.

APPLETON, J.—The requested instructions amount to this; that being in the streets where there is a sidewalk, "would

be such a want of care as would preclude the plaintiff from recovering." This request was properly refused. Whether there is negligence or not, must, in each case, be determined by the peculiar and attendant circumstances. Whether there was any negligence on the part of the plaintiff, was a fact for the consideration of the jury, and was submitted to the jury under proper instructions. *Bigelow* v. *Rutland*, 4 Cush. 247; *Garmon* v. *Bangor*, 38 Maine, 443.

The Court further instructed the jury, "that a person had a right to be in the street, whether there is a sidewalk or not, and that such fact is not evidence from which the jury can legally infer negligence." This instruction was given at the instance of the counsel for the plaintiff, and rests upon the isolated fact, of being in the street where there is likewise a sidewalk. But from that fact *alone* negligence could not be legally inferred. If such were the legal inference, then being in the streets must be regarded as a fact *per se* proving negligence. Now the public street is a place in which all have a right to be, for streets are for the purposes of public travel. It was held in *Boss* v. *Litton*, 5 C. & P., 379, that a foot passenger, though he may be infirm from disease, has a right to walk in the carriage-way, and is entitled to the exercise of reasonable care on the part of persons driving carriages along it. "A man," says DENMAN, C. J., "in that case, has a right to walk in the road, if he pleases. But he had better not, especially at night, when carriages are passing." The general right of foot passengers, in reference to carriages, to use the carriage-way, was fully recognized in *Raymond* v. *Lowell*, 6 Cush. 530. It would be a novel doctrine to hold that foot passengers have no right to walk in the street, or, that walking therein, was *prima facie* evidence of want of ordinary care, or that from that fact *alone* negligence might be inferred.

The jury were instructed, "that the plaintiff and the defendant had an equal right to be in the street, and they would determine whether there was want of ordinary care on the part of the plaintiff; and if there was, she would not be en-

titled to recover." The question of ordinary care was thus submitted to the jury, and it was for them to determine, from all the circumstances in the case, whether or not the female plaintiff was chargable with negligence in having left the sidewalk as she did; if not so chargable, whether the injury arose from the negligence of the defendant. The verdict has determined those facts, and they are not examinable here.

It is well settled, that when the injury is in consequence of negligence on both sides, that no action can be maintained. *Simpson* v. *Hand*, 6 Whar. 320; *Williams* v. *Holland*, 6 C. & P., 23; *Parker* v. *Adams*, 12 Met. 415.

*Exceptions overruled.*—*Judgment on the verdict.*

TENNEY, C. J., and RICE and MAY, J. J., concurred.

CUTTING, J., dissented, and gave the following opinion:—

I cannot concur in the opinion, which sustains the doctrine advanced at the trial, and overrules these exceptions. I am fearful, that, by one of the rulings, injustice may have been done by the verdict, which "*is* examinable here," so far as the genuineness of its legal elements are involved.

"The plaintiff's counsel requested the Court to instruct the jury, that a person had a right to be in the street, whether there is a sidewalk or not, and that such fact is not evidence from which the jury can legally infer negligence, and the instruction was given."

Whether the female plaintiff had the right to be in the street, under the circumstances, was one of the principal questions of fact to be settled by the jury; but that fact was wholly withdrawn from their consideration, and decided in the affirmative by the Court; consequently, after this instruction, the plaintiff stood *recta in curia*, protected by the judicial mantle from any imputation of not having been in the exercise of ordinary care.

The burden of proof was on the plaintiff, who requested this instruction, to show, that she was in the exercise of ordinary care. The evidence discloses, that she was walking along in the carriage-path, in the same direction in which the

defendant's horse and sleigh were passing; and, in so walking, was she exercising ordinary care? The answer to this question, would seem to depend upon the attendant circumstances disclosed at the trial, which were a plank sidewalk, her walking *along* and not *across* the street, and the defendant's horse and sleigh approaching in the rear. Now, under such circumstances, to stand still, and suffer one's self to be run over, without any attempt to avoid a collision, cannot be said to be an exercise of ordinary care; yet, under such a state of facts, from aught that appears, (for upon this point the case finds the evidence to be conflicting,) the plaintiff invoked the ruling which was given, to the effect, that from a certain fact simultaneous with other facts, the jury could not legally infer negligence.

The Judge in this particular having encroached upon the province of the jury, the *former* instruction, that they must find that the plaintiff was in the exercise of ordinary care, was either overruled, contradicted, or wholly withdrawn from the jury; whereas the requested instruction should have been refused, and the jury permitted, under the former instruction, to infer negligence, or otherwise, from all the facts disclosed, bearing upon that point.

If it be contended, that the ruling embraced only the abstract proposition, that " a person had a right to be in the street whether there is a sidewalk or not," my answer is, that even an abstract proposition, if it be calculated to mislead the jury, should never be enunciated by the presiding Judge. *Hopkins* v. *Fowler*, 39 Maine, 568.

But, as an abstract proposition, the ruling was not correct, for no "person" has legal right to be in the street, regardless of the laws of the road, as defined and regulated by statute; whereas the instruction implies that he has such right, independent of others' rights, or the attendant circumstances.

It has been also contended, that a foot passenger has a right to substitute the carriage path for the sidewalk, and from that fact *alone* negligence cannot be inferred. Assuming such a proposition to be correct, still it is not this case,

for here that fact was not *alone*. But the question naturally arises, what authority has a Judge to take one "isolated fact," by himself isolated and severed from all other facts in the case, and to instruct the jury that from such fact *alone* no inference can be drawn ? If such is to be the established rule of law, then a party would have the right to have a separate ruling upon every distinct fact disclosed by the evidence, when neither, standing alone, might be the subject matter for an inference, but, when taken and considered together, would carry instant conviction. For instance, in the case at bar, the fact that there was a sidewalk, and the plaintiff's walking along the street, were circumstances, which, when considered and weighed with other facts, about which there was conflicting testimony, might have authorized the jury to find negligence, but this chain of facts and circumstances was broken by the presiding Judge.

The cases cited from 6 Cush. 530, *citing* 5 Carr & Paine, 379, to my apprehension, have but little or no bearing upon this question; if any, more in favor than against sustaining these exceptions. The first authority merely settles that foot passengers are not confined to particular crossings; and the verdict was set aside for want of ordinary care on the part of the plaintiff in crossing from the sidewalk into the street.

In the latter, the foot path had been shown to have been "in a bad state;" and the defence set up was ruled to be inadmissible under the defendant's plea. But the *dictum* of the Judge, was only to the effect, that the footman under the circumstances, having a right to walk in the carriage-way, "was entitled to the exercise of reasonable care on the part of persons driving carriages along it." And notwithstanding the defendant was not permitted, under his plea, to show the plaintiff's conduct, *as a full defence*, he was so permitted in mitigation of damages.