PATRICK STONE *vs.* FOREST CITY EXPRESS COMPANY.

Cumberland.     Opinion March 4, 1909.

*Negligence. · Evidence.   Misconduct of  Counsel.*

Persons rightfully employed in repairing highways have the same rights therein as travelers.

The doctrine res ipsa loquitur does not apply to collisions of passers in highways.

Actions for damages arising out of collisions between travelers in highways are no exception to the general rule that negligence is not presumed but must be proved.

The negligence of the plaintiff when independent of and preceding the negligence of the defendant cannot be considered the proximate cause of the injury, if the defendant by the exercise of ordinary care might have avoided the consequences of the negligence of the plaintiff.

Impropriety in the argument of counsel in the trial of a cause may be, first, such as may be cured by retraction by offending counsel or by proper instructions by the court or by both, and, second, such as cannot be cured by either court or counsel.

Into which class the conduct of counsel falls is to be determined by the court considering the exceptions or motion for new trial.

If the conduct complained of is of the former class, opposing counsel should object at the time, in order that the trial court may take appropriate action, and failure to so object will be fatal upon either exceptions or motion.

On motions by defendant.    Overruled.

Action on the case, brought in the Superior Court, Cumberland County, to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant. Plea, the general issue.   Verdict for plaintiff for $400.   The defendant then filed a general motion and also a special motion to have the verdict set aside.   In support of the special motion the defendant alleged "the following reasons:"    "Because in his closing argument to the jury at the trial of said action, Dennis A. Meaher, Esquire, counsel for plaintiff, declared that the defendant's team

when it struck the plaintiff was running away from a police officer, which it has done many times before; whereas no evidence concerning or tending to prove said assertion had been adduced."

The case is stated in the opinion.

*Dennis A. Meaher*, for plaintiff.

*Connellan & Connellan*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

BIRD, J. This is a motion for new trial upon the usual grounds and because of alleged misconduct of attorney of plaintiff in his closing address to the jury.

The declaration alleges an injury to the plaintiff while at work upon Temple Street, a public way in Portland, by reason of his being struck by the team of defendant negligently driven by his servant. The verdict was for plaintiff.

The uncontradicted facts are that defendant's horse, some twenty-four years old, harnessed to an express wagon containing several packages of merchandise was being driven by defendant's servant who was accompanied by an acquaintance; that Temple Street was in process of being macadamized by the municipal authorities, a part of the work being done by a steam roller; that in the latter part of the afternoon of the day of the injury, the steam roller was stationary on the westerly side of the street near the curbstone of the sidewalk and the engineer was about placing it in condition to leave for the night; that a laundry team was standing near the curbstone on the easterly side of the street at a distance of twenty to twenty-five feet northerly and diagonally of the roller; that the street was about thirty-five feet wide from curb to curb; that plaintiff was engaged in spreading broken rocks in the neighborhood of the roller—several feet in front but somewhat easterly of it; that the team of defendant came easterly along Middle Street, turned northerly into Temple Street and came into collision with plaintiff; that plaintiff just before the collision was looking downwards attending to his work and "was not looking for teams that day."

The witnesses for plaintiff are the engineer, a policeman and the plaintiff. The two latter are unable to give any statement as to the manner in which the accident occurred. The engineer is able only to state that he heard the driver cry "Lookout," saw plaintiff raise his hands and saw him immediately thereafter thrown to the ground. In this we find no proof of negligence on the part of defendant's driver. Negligence must be proved; *Nason* v. *West*, 78 Maine, 253; *Cleveland* v. *Bangor Street Ry.*, 86 Maine, 232; *Pellerin* v. *Paper Co.*, 96 Maine, 388, 391. The doctrine of res ipsa loquitur does not apply to collisions of passers in highways: 1 Bev. Neg. 129 (3d Ed.); *Wadsworth* v. *Railway Co.*, 182 Mass. 572, 574. In such cases negligence is not presumed; 1 Bev. Neg. 544.

While the plaintiff being rightfully employed in repairing a highway, had the same rights as a traveler: *Quirk* v. *Holt*, 99 Mass. 164, 166: See also *Coombs* v. *Purrington*, 42 Maine, 332; there was sufficient evidence for the jury to find that he was not in the exercise of the care which his position required.

Does the evidence produced by the defendant show negligence or present facts from which the jury could find negligence enabling plaintiff to recover despite his contributory negligence which we will assume the jury to have found?

The witnesses for defendant were the driver of the carriage, the person riding with him, and a third person not shown to be connected in any way with either party. The driver and his companion testify substantially that, as they proceeded slowly up Temple Street, the horse when a short distance from the rear of the roller became suddenly frightened and that, although the driver used persistent efforts to stop the horse and although the plaintiff was warned by cries, the horse and wagon came into collision with plaintiff. The third witness who stood on the easterly side of the street a short distance southerly of Federal Street confirms the testimony of the driver and companion in all essential particulars. The driver also states that the plaintiff on approach of the horse seized the right rein near the bit.

There was evidence upon which the jury may have found the distance between the place where the horse became frightened and the point where plaintiff was at work was forty feet or more. The street was unobstructed save for the laundry team, five feet wide, on the easterly side of the street near the curb. The plaintiff was in plain view of the driver who, as already stated, for avoidance of a collision relied upon outcries to warn plaintiff and endeavors to stop the horse. The driver testifies that he was unable to guide the horse when the plaintiff seized the right rein, because he then lost control of that rein while admitting he had control of the other. Upon this evidence we cannot say that the jury was not warranted in drawing the inference that prior to the plaintiff's seizing the rein the driver had sufficient control of the horse to direct his course and that the driver was not in the exercise of due care in guiding the horse during the time elapsing between his taking fright and the collision. Had the course of the horse been deflected but slightly to the east the accident would have been avoided. Although the plaintiff may not have been in the exercise of due care, defendant's servant was not relieved from making proper effort to avoid him: *Conley* v. *R. R. Co.*, 95 Maine, 149, 152, 153; *Atwood* v. *Railroad Co.*, 91 Maine, 399, 405; *Ward* v. *Railroad Co.*, 96 Maine, 136, 145; *Coombs* v. *Mason*, 97 Maine, 270, 274; See *Neal* v. *Rendall*, 98 Maine, 69, 74, 77.

In the course of his closing argument to the jury counsel for plaintiff made use of the following words: "There was a policeman around the corner, and the wagon was coming around the corner, there was merchandise in the wagon and the driver started up the horse, and that was not probably the first time that express wagon went quickly under circumstances like that." Respondent specially moves for a new trial because of the alleged improper conduct of counsel in so doing.

Impropriety in the argument of counsel in the trial of a cause may be, first, such as may be cured by retraction by offending counsel or by proper instructions by the court or by both and, second, such as cannot be cured by either court or counsel. Into which class the conduct of counsel falls is to be determined by the

court considering the exceptions or motion for new trial: See *Armour & Co.* v. *Kollmeyer,* 161 Fed. 83, and cases cited. If it is of the former class, opposing counsel should object at the time that the trial court may take appropriate action and, if it then refuses or fails to cover the subject and afford any or adequate redress, take exceptions.

If, however, the conduct complained of is such that its pernicious effect cannot be cured either by action of offending counsel or of the court, or both, the party aggrieved may obtain redress by motion, whether seasonable objection was made or not, but as it cannot be known in which class the court hearing the motion will place the conduct in question, it is the only absolutely safe course always to seasonably object. *Rolfe* v. *Rumford,* 66 Maine, 564, 565-568; *Powers* v. *Mitchell,* 77 Maine, 361, 368; *Sherman* v. *M. C. R. R. Co.,* 86 Maine, 422, 424-425; *State* v. *Martel,* 103 Maine, 63; See 29 Cyc. pp. 774-778 where authorities are collected and arrayed.

In the present case, this court is of the opinion that the effect of the conduct of plaintiff's counsel was not incurable upon objection and proper action by the trial court. The record does not show that objection was made at any time by defendant's counsel. The special motion must therefore be overruled. *Powers* v. *Mitchell,* ubi supra.

*Motion overruled.*
*Special motion overruled.*
*Judgment on the verdict.*