## J. L. Jannell *vs.* John Myers.

### Androscoggin.    Opinion January 19, 1925.

*The findings of a jury on questions of fact are final and not reviewable by the Law Court, unless the jury was manifestly influenced by prejudice, bias, passion or mistake. The burden of proving to the satisfaction of the court that the verdict is manifestly wrong is upon the one seeking to set it aside. A refusal to give a requested instruction, even though it states the law correctly, is not reversible error, if it is substantially covered by the instructions given.*

In considering a motion for a new trial, on the ground that the verdict is against the evidence, it is not the province of the Law Court to weigh the evidence for the purpose of determining the preponderance of it between the parties; that is the province of the jury. Where the evidence is conflicting a verdict will not be disturbed if it is found to be supported by evidence, credible, reasonable, and consistent with the circumstances and probabilities of the case, so as to afford a fair presumption of its truth, even though it may seem to the Law Court that the evidence as a whole preponderates against the finding of the jury.

On exceptions and motion by defendant. An action in tort to recover damages resulting from a collision between automobiles, plaintiff alleging negligence on the part of the defendant. The jury returned a verdict of $344 for plaintiff. At the conclusion of the charge by the presiding Justice counsel for defendant requested a certain instruction which was denied and exceptions taken. Defendant also filed a general motion for a new trial. Motion and exceptions overruled.

The case is stated in the opinion.

*Harry Manser,* for plaintiff.

*Tascus Atwood,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

PHILBROOK, J. This is an action in tort to recover damages resulting from a collision between automobiles. The jury returned

a verdict for the plaintiff and the case is before us upon a general motion for a new trial and a single exception based upon the refusal of the presiding Justice to give a requested instruction.

## THE MOTION.

It should always be borne in mind that upon a motion like the one at bar, after a jury has rendered its verdict, the Law Court is not a tribunal of the first instance having authority to hear and decide disputes upon questions of fact. Our power is limited to decisions of the question whether the verdict is so plainly contrary to the evidence that manifestly the jury was influenced by prejudice, bias, passion or mistake; otherwise their findings of fact are binding upon this court. *Leavitt* v. *Seaney,* 113 Maine, 119. In considering a motion for a new trial, on the ground that the verdict is against evidence, it is not the province of the court to weigh the evidence for the purpose of determining the preponderance of it between the parties; that is the province of the jury. Where the evidence is conflicting a verdict will not be disturbed if it is found to be supported by evidence, credible, reasonable, and consistent with the circumstances and probabilities of the case, so as to afford a fair presumption of its truth, even though it may seem to the court that the evidence as a whole preponderates against the finding of the jury. *Garmong* v. *Henderson,* 114 Maine, 75; *Same* v. *Same,* 115 Maine, 422. The burden of proving to the satisfaction of the court that the verdict was manifestly wrong is upon the one seeking to set it aside. *Garmong* v. *Henderson,* 115 Maine, 422. These are well settled and time honored principles but in view of the many motions for new trial which are presented to this court it seems proper, if not necessary, to restate them occasionally. In this case, after a careful examination of the record, we are not prepared to say that the burden resting upon the defendant has been sustained.

## EXCEPTION.

At the conclusion of the charge of the presiding Justice counsel for the defendant made the following request; "I will ask your Honor to instruct the jury if on deliberation they feel unable to determine who was right, that the plaintiff fails." The presiding Justice

replied "I decline to give that except as I have already given it; I have covered that all in the proper way I think." The requested instruction plainly relates to the rule of law requiring the moving party to satisfy the jury by a fair preponderance of the evidence that his contention is true, and that he is therefore entitled to a verdict; otherwise the defendant is so entitled. The exception must be overruled for the following reasons:

*First,* because the request is an inapt statement of law. The question for the jury to decide is not whether the plaintiff was right or the defendant was right, but whether the plaintiff has sustained his cause by a fair preponderance of the evidence.

*Second,* because the true rule of law as to burden of proof was correctly stated in the charge of the presiding Justice.

*Third,* because the rule has long been established by an unbroken line of judicial authority, that the refusal to give a requested instruction, even though it states the law correctly, does not constitute reversible error if it is substantially covered by the instructions given. 14 R. C. L. ,752, and cases there cited.

*Motion and exceptions overruled.*