MILTON C. BENNETT *vs.* F. HERBERT HATHORN ET AL.

Penobscot County. Decided February 5, 1926. This is an action to recover stipulated compensation as the pastor of the "Klan Church," so called, in Brewer and Bangor, under an alleged contract between the plaintiff and the defendants. The action is based upon a typewritten letter, dated at Brewer, December 19, 1923, signed with a typewriter, "F. Herbert Hathorn, Brewer, D. D. Terrill, Bangor," in which the period of employment is fixed at eighteen months, and the compensation at forty-five dollars per week and house rent. The plea is the general issue. There was no denial of signature by affidavit under Rule X. The case is before the Law Court upon a general motion by defendants for a new trial.

Under the general issue the defendants introduced evidence which they assert supports the following defenses: (1) that they did not contract with the plaintiff to serve as pastor of the "Klan Church;" that they neither signed, nor authorized any person to affix their names to the letter in question, and that neither of them saw or knew of the letter until several months after its date; (2) that the plaintiff resigned as pastor of said "Klan Church" on July 23, 1924 in Brewer, and on July 24, 1924 in Bangor, and that his resignation was accepted; (3) that on October 25, 1924 he was paid the amount of back salary due him to that date. On the brief defendants' counsel has argued another point, viz.: that by accepting the office of "Kleagle," and performing the duties thereof, the plaintiff had himself broken the contract, or at least had abandoned his position of pastor, and renounced the contract.

Vol. 125—34

We need only to say that an examination of the record discloses so many improbabilities, inconsistencies and contradictions in the evidence, that the jury were fully warranted in accepting the plaintiff's version of the transactions in question. We take occasion to repeat, as frequently stated on former occasions, that the weight to be given to evidence presented depends not so much on the number of witnesses as upon the quality or power of their testimony to convince of the truth. Motion overruled. *Pattangall, Locke & Perkins,* for plaintiff. *Fellows & Fellows,* for defendants.