JOHN W. DOUGHERTY,

(by Administratrix)

*vs.*

·MAINE CENTRAL RAILROAD COMPANY.

Penobscot.    Opinion February 17, 1926.

*An administrator prosecuting is relieved by statute of the burden of showing that there was no contributable negligence on the part of his decedent.*

*Negligence of a plaintiff will not preclude the recovery of damages unless such negligence combined in some degree with that of the defendant constitutes an immediate and operative or moving cause for what happened.*

*Negligence and contributory negligence as a general rule are questions for the jury, and become matters of law only when the conclusion of the jury is so manifestly contrary to the law and the evidence that all reasonable minds must agree that it ought not stand.*

In the instant case, the predominating efficient cause of injury and damage was negligence of the defendant, exclusively. But for its wrongful act alone, the catastrophe would not have been, hence the defendant's omission or disregard of duty precipitated disaster directly in temporal sequence through the chain of factual causation.

The undisputed testimony of the disinterested witness Decker, who was in no way discredited, being accepted and believed, gave evidence in plenty for the jury that there was an interval before the collision in which it would have been consistently possible for the engineer, had he exercised ordinary care, to have interrupted the making of that continuous succession of linked events which ended in injury and loss to this plaintiff's decedent. And reasonable minds will not, because they cannot, consonantly reject that testimony as wholly improbable of belief.

Excessiveness of damages, an assigned ground for the motion, was not pressed in argument, and is regarded as having been waived.

On exceptions and motion for a new trial by defendant.    An action on the case brought by John W. Dougherty against defendant corporation to recover damages for personal injuries by him suffered and damages to personal property by reason of a collision between a

locomotive drawing a freight train of defendant and the automobile of plaintiff, stalled on the crossing of defendant's railroad near the Bangor Pumping Station. Negligence of defendant was alleged, and contributory negligence pleaded. Before the cause was tried the plaintiff died, and the administratrix of his estate prosecuted. At the conclusion of the charge the defendant excepted to a refusal to give a requested instruction, and excepted also to a requested instruction qualified by the court before being given. A verdict of $3,600 was rendered for plaintiff and defendant filed a general motion for new trial. Exceptions and motion overruled.

The case is fully stated in the opinion.

*George E. Thompson and Abraham M. Rudman,* for plaintiff.

*George E. Fogg,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

MORRILL, J., concurring in the result.

DUNN, J. On exceptions and usual-form motion.

Action begun by the person injured to recover for his own harm and for the damage done his automobile by train collision at railroad crossing, and prosecuted by his administratrix.

Exception was filed for failure to instruct the jury, in substance, that, where death followed but was not caused by the injury, the administrator prosecuting had the burden of the proposition that there was no contributable negligence on the part of his decedent. The refusal was right; there is no doubt about that, for the statutory altering of the common-law rule is comprehensive of the situation at the time of the trial. R. S., Chap. 87, Sec. 48; *Coolidge* v. *Worumbo Manufacturing Company,* 116 Maine, 445. Indeed the plaintiff so recognized in its pleadings. *Curran* v. *Railway Company,* 112 Maine, 96.

And there is exception that the request for the instructing, that negligence of the decedent, if it continued to the time of the accident, would be contributive in proximation and efficiency, was qualified by the judge in submitting it, "provided the negligence contributed to the accident." This exception fails too. Negligence on the part of a person whom hurt of any sort befalls, mere negligence, will

not preclude the recovering of damages; the negligence must have combined in some degree, albeit slight, with the negligence of the defendant, as an immediate and operative or moving cause for what happened. *Smith* v. *Elliott*, 122 Maine, 126; *Mahan* v. *Hines*, 120 Maine, 371; *Nicholas* v. *Folsom*, 119 Maine, 176; *Sylvester* v. *Gray*, 118 Maine, 74; *Blanchard* v. *Railroad Company*, 116 Maine, 179; *Denis* v. *Railway Company*, 104 Maine, 39; *Ward* v. *Railroad Company*, 96 Maine, 136; *Conley* v. *Railroad Company*, 95 Maine, 149; *Atwood* v. *Railroad Company*, 91 Maine, 399; *Pollard* v. *Railroad Company*, 87 Maine, 51; *O'Brien* v. *McGlinchy*, 68 Maine, 552. In applying to a litigated case the principle deducible from the decided ones, it must not be assumed that the angular and stubborn things called the governing facts, are in precise correspondence. The side light thrown by cognate testimony upon an evidential picture may essentially differentiate in saliency that ruling must depend upon the facts developed in each case. All the reported decisions cited by the defending counsel look in the same direction that he argues, but they do not look so far.

Amid its contradictions, this record clearly shows: That soon after noontime, on the fifth day of June in 1922, John W. Dougherty backed his automobile out of the garage, headed it toward the highway, and, his wife riding with him, started on from his yard to the public street; the steam railroad track straight ahead and openly intervening. He knew the place, knew the possible peril in front, having lived ten years or more there in the house on the river bank in Bangor, which that city afforded for occupancy by himself and his family, nearby his employment as chief engineman at the water works.

The distance to the track was short, with but little lateral view to the eastward or right, until within six feet of the crossing, because the pumping station first, and the filter house beyond it, were obstructing.

About one yard from the crossing, within the zone of danger, as the testimony is he regarded it, Mr. Dougherty stopped and looked and listened. He looked up the track, the easterly track, and saw no train. He saw one arm extended from an automatic signal post, in admonitory notification that a train was approaching, five to eight or ten minutes away, from behind the curve above. He looked down the track; there was neither train nor warning.

Again he started. Near or on the first rail of the track, there is slight testimonial difference touching this, but in any event immedi-

ately at the crossing, his car stalled.   Upon that, Dougherty's wife, on looking along the track toward the curve, exclaimed:  "My God, Pa, here comes the train!"   The woman jumped from the vehicle and made away to safety.   Mr. Dougherty outsprang, but he tarried in vain efforts to push the automobile back.

The train, a freight of eighteen cars besides the caboose, was coasting at the customary speed of twenty to twenty-five miles an hour, perhaps not as rapidly.   The engineer, as he bore down upon Dougherty in his predicament, applied the emergency brake and poured sand on the track; still the engine or its overhang struck the automobile, and, the automobile striking the now decedent, he was thrown into the air, and thence fell onto the ground.   Less than one hundred and eighty feet farther the locomotive came to rest; it made a good stop, was the attestation.

This, however, is not the only aspect of the suit.

The engineer left his cab and hurried to the scene.   There he talked with a man named Decker.   Mr. Decker testified that the engineer told him:  "I thought that fellow was going to roll back from the track or I would have stopped," or, "I could have stopped" (the witness was doubtful whether the verb should be "would" or "could"), in time to have avoided accident.

Not even the shadow of denial is against this testimony.   It was weighable for nothing, or little, or much, from all the circumstances with the evidence fully in.   And the engineer had already given witness, that he for the first time saw the automobile when it was stopping at the crossing, and that being stopped it did not start.

Negligence and contributory negligence, it is the general rule, are jury questions, because determining them involves the testing and considering of evidence.   It may not be defined, as matter of law, that the conduct of a defendant was free from negligence, or that concurring negligence on a plaintiff's part is bar, unless the conclusion of the jury is so manifestly contrary to the law and the evidence that all reasonable minds must agree that it ought not stand.

What was the predominating efficient cause of this injury and damage?   The verdict answers, negligence of the defendant exclusively; that is, but for its wrongful act alone, the catastrophe would not have been, hence the defendant's omission or disregard of duty precipitated disaster directly in temporal sequence through the chain of factual causation.

The undisputed testimony of the disinterested witness Decker, who was in no way discredited, being accepted and believed, gave evidence in plenty for the jury that there was an interval before the collision in which it would have been consistently possible for the engineer, in cognizance that colliding could not be otherwise escaped, had he exercised ordinary care, to have interrupted the making of that continuous succession of linked events which ended in injury and loss to this plaintiff's decedent. *Purington* v. *Railroad Company*, 78 Maine, 569; *Ham* v. *Railroad Company*, 121 Maine, 171. And reasonable minds will not, because they cannot, consonantly reject that testimony as wholly improbable of belief.

Excessiveness of damages, an assigned ground of the motion, has not been pressed in argument, and is regarded as having been waived.

The mandate must be:

*Exceptions and motion overruled.*