### CATHERINE VALLELY *vs.* ELLEN D. SCOTT.

York County.  Decided August 11, 1927.  When this plaintiff was walking across Main Street, at the intersection of Elm, in Sanford, about eight o'clock in the evening on August 14, 1926, she was struck and injured by the automobile which the defendant owned and was driving.

Plaintiff experienced serious hurts.  Besides other injuries, her ankles were broken; four, and it may be that five, of her ribs were fractured; one shoulder was crushed, and her hips and thighs were mangled.

At the latest January term in York county, the jury found for the plaintiff, and assessed damages in the sum of $9883.33.  Usual-form motion by the defendant for a new trial brings the case forward.

As to how the accident happened, the defendant tactily concedes, the finding by the jury in reference thereto, that she was negligent, is incapable of being made null or void.

Defendant, however, contends that plaintiff was negligent also, and that the negligence of the plaintiff, with that negligence attributed by the jury to the defendant, in union and concurrence directly caused the undesigned event.  But the jury decided that there was not any contributory negligence on the part of the plaintiff, and no reason is perceived by the court for disturbing that decision.

Are the damages excessive, in a legal sense?  The defendant, in main support of the motion, argues that they are.  In a case like this,

where the tort was committed through mere negligence, and without wanton disregard of the rights of others, damages have no other purpose than that of affording actual compensation. The single award under review is inclusive, as the proof or the lack of it showed to the jury, of the value of the time this unmarried plaintiff has lost or may lose from her employment; of the expenses incurred or likely to be for medicines and care and nursing; of allowance for diminution of capacity to perform the kind of work for which she is fitted; and for mental and physical pain and suffering, past, present, and prospective; each element only in natural and necessary consequence of the tortious act of the defendant.

With the decrease in the value of money, ninety-eight hundred and eighty-three dollars and thirty-three cents does not signify what it would have in former days. The standard by which to test the validity of the instant award of damages against the argument of excessiveness is the present day measure of money. And with such established rule the damages awarded must be held to comport. The motion for a new trial is overruled. *Willard & Ford and Cecil J. Siddall*, for plaintiff. *Robinson & Richardson*, for defendant.