GEORGE A. ROGERS

*vs.*

FORGIONE & ROMANO COMPANY

Cumberland.    Opinion September 8, 1927.

*In actions of tort to recover damages for personal injuries it must appear affirmatively that the negligence of the defendant solely caused the injury in order to recover.*

*Though if the defendant were guilty of negligence, if the plaintiff too were guilty of a negligent act or omission which operated as one of the proximate causes he can not recover.*

*Negligence and contributory negligence are as a general rule questions of fact for the jury, and when the question involves the weighing and determining of evidence it must be submitted as one of fact to the jury.*

In the instant case the court cannot say as a matter of law that there was contributory negligence on the part of the plaintiff, unless it be that any other inference could not reasonably be drawn from the evidence.

If defendant were negligent, which is not now necessary to decide, it is only too plain that had plaintiff been using ordinary care at the time and had not been at fault he would have escaped injury entirely.

On general motion for a new trial.   An action of tort to recover damages for personal injuries alleging negligence of defendant and plaintiff's freedom from contributory negligence.   A verdict was rendered for plaintiff and defendant filed a general motion.   The real issue was one of contributory negligence.   Motion sustained. New trial granted.

The case fully appears in the opinion.

*William A. Connellan and Elton S. Thompson,* for plaintiff.

*Israel Bernstein,* for defendant.

SITTING:   WILSON, C. J., DUNN, DEASY, STURGIS, PATTANGALL, JJ.

Dunn, J. The plaintiff had the verdict in the personal injury action that he tried against the defendant in the Supreme Judicial Court in Cumberland county at the January term in 1927.

That verdict the defendant is seeking by motion to have this court set aside, not so much it may be said of the chief attitude of the defendant in argument, on the ground of the absence of preponderating evidence of its own negligence, as that of the want of evidence of the plaintiff's freedom from contributory negligence.

In actions of tort to recover damages for personal injuries, a defendant is not liable, unless as between himself and the plaintiff the negligence of the defendant solely caused the accident and harm.

If in the present case the defendant were negligent, and the plaintiff, too, were guilty of a negligent act or omission which operated as one of the proximate causes in the production of the complained-of injury, this would defeat his right of recovery (*Ward* v. *Railroad Co.*, 96 Maine 136), upon the principle that where the combined negligence of the two parties has brought about the unforseen result, the law will not attempt to separate the consequences. (*Lesan* v. *Railroad Co.*, 77 Maine 85.)

Negligence and contributory negligence are as a general rule questions of fact for the jury, and so long as a question remains whether either party has performed his legal duty, or has observed care and caution in requisite degree, and the determination of the question involves the weighing and determining of evidence, the question must be submitted as one of fact to the jury.

The court cannot say as a matter of law that there was contributory negligence on the part of the plaintiff, unless it be that any other inference could not reasonably be drawn from the evidence. *Dougherty* v. *Railroad Co.*, 125 Maine 160.

The story of the case in hand may be briefly told. In June of 1926, in connection with certain sewer construction which the defendant as a contractor was doing between Cash's corner and Rigby, in and for the city of South Portland, a trench was being dug beyond the shoulder of gravel, six or seven feet in width, bordering the macadam on the south side of Main street. On the opposite side of the street there was a similar shoulder of gravel.

Blue clay had been struck, and as dug from the trench it was being carted to a vacant lot upstreet. All the clay was wet, part of it clam-

my, part watery. Some of it seeped from the cart bottoms, some flowed over tailboards, and some slid from the loaded carts onto and became imbedded on the macadamized roadway, whereon travellers in vehicles were being guided.

From time to time the contractor washed and swept and scraped the ooze, but nevertheless more or less mire was always on the road.

The plaintiff had travelled that road, in an automobile, morning and afternoon, going to and returning from his employment, all his days at the Portland Terminal, and for ten days at least had been accustomed to the slime and the slipperiness on the macadam.

On the day of the accident the plaintiff was coming from work, as he had gone to his work, on a motorcycle. He considered the vehicle safe and himself an experienced operator, having driven first and last more than ten thousand miles. The light rainstorm of the morning had made passing on the pavement dangerous, and this the plaintiff knew.

It was mid-afternoon, and traffic was at the peak. When approaching the place in the road opposite the sewer construction, plaintiff saw the mechanical apparatus in operation, and saw the carts each in its turn being loaded and drawn away. If his memory of conditions was not with him, a single glance was enough to give him a full understanding of the indications of danger. And the road on which he was, as he testified, was not the only convenient way to his home.

There were automobiles in front of him, automobiles behind him, and he swore that he did not want to break the line. Plaintiff had been in heavy traffic on busy streets in Portland and kept his position by "straddling,"—by slowing his machine to a rate of speed comparable to that at which a man might walk, and the cycler touch one foot and then the other on the ground, in harmony with the forward movement of the machine.

Yet at this time plaintiff never slackened speed below six miles an hour; whether he might have driven on the gravel on the north side of the macadam was a disputed question; he alone testified that traffic made the shoulder inaccessible to him. But, regardless of the fact about that, he did not straddle, he did not dismount and walk, but continued straight ahead under the circumstances known to him.

Let words that fell from his own lips when he witnessed describe again what in the appreciated situation his acts and their tendency were:

"I was coming down from Rigby, the road was all clay and nasty, slippery and greasy, I knew what I was going to run into; there was enough mucky substance on that mucky road to cause a motorcycle to skid at six miles an hour.    I went down there about six miles an hour. I could have slowed down to three; but I would have had to walk, half walking and half riding, and I didn't put my feet out for want of time.    You can keep your machine steady until you get down to about four miles an hour, and then you have to put one foot down. I could have walked by there with my motorcycle (but I didn't).    I kept her head on and let her take it; there wasn't much choice of road.    I kept within a foot and a half of the north line of that state road."

The motorcycle skidded, and the plaintiff was thrown and injured.

Plaintiff's language suggests no touch of the reflective analysis of forethought and intelligence—that light in the mode of action of prudent men in general which is perhaps indescribable, but none the less unmistakable.

No; the suggestion is that of push and brawn, of the resolve to defy physical laws and overcome them, or at least have disobedience know impunity; the determination to drive the motorcycle through the viscid ooze, no matter what the cost.

If there were negligence on the defendant's part, which point it is not now necessary to decide, but if there were negligence, then it is only too plain that as plaintiff took upon himself the responsibility for going forward, so he must bear the resultant injury.    Had he been using ordinary care at the time, had he not been at fault, he would have escaped injury entirely.

The verdict is wrong; it is obviously wrong.

*Motion sustained.*
*New trial granted.*