PHILOMENE HACHEY *vs.* HERBERT J. MAILLET.

Androscoggin.     Opinion April 1, 1929.

*Clifford & Clifford,* for plaintiff.
*Harris & Wilson,* for defendant.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

STURGIS, J.    General motion for a new trial after verdict for the plaintiff in a personal injury case. The grounds relied upon are that the verdict is contrary to the evidence and the damages awarded are excessive.

The evidence is somewhat lengthy and the material facts are in dispute. A detailed analysis of it here can neither prove necessary nor useful. It is sufficient to say that it has not been made to appear that the jury manifestly erred upon the issue of liability.

A careful reading and study of the record convinces us that the amount of damages awarded is not grossly excessive. The plaintiff, a married woman living with her husband, while not entitled to recover for loss of ability to do domestic labor in their home nor for the expense of her medical or surgical treatment for which she has not undertaken to be personally responsible — *Felker* v. *Railway & Electric Co.,* 112 Me., 255, 257 — may recover for all her suffering, mental and physical, caused by the accident.

It is admittedly difficult to measure pain and suffering in dollars and cents. This court has said in *Felker* v. *Railway & Electric Co.,* supra, "There is no standard by which physical and mental suffering can be measured. In the end the question must be left to the sound sense and good judgment of the jury, to award such damages as seem to them to be fair compensation." This statement of law, of course, is subject to the rule that "It is the duty of the Court to see that what should be regarded as the ultimate bounds are not greatly overstepped." *Ramsdell* v. *Grady,* 97 Me., 322; *O'Brien* v. *J. G. White & Co.,* 105 Me., 308, 316.

According to the opinions of the physicians in the case the weight which the jury may properly have given to this evidence, it appears that the plaintiff has received a permanent displacement of the sacroiliac joint with a resulting nerve tension, justifying the opinion that she will be a permanent and chronic sufferer to some degree from sciatic pains. The veins of her leg were ruptured, developing varicose veins of a permanent character. She continues in a nervous condition, and is "run down physically." She has taken repeated electric treatments, with an assurance only of relief, not of cure. She can recover only in this action for her suffering resulting from this accident. Measured in the present worth of our money, which is the standard by which to test the validity of this award, *Vallely* v. *Scott*, 126 Me., 597, we can not say that the jury has so greatly overstepped the ultimate bounds of just compensation for the injuries which this plaintiff received as to warrant a reversal of her verdict.

*Motion overruled.*