PARKER L. SAWYER *vs.* THE ANDROSCOGGIN ELECTRIC COMPANY.

Androscoggin.     Opinion, February 19, 1932.

*Frank A. Morey,* for plaintiff.
*Skelton & Mahon,*
*Nathaniel W. Wilson,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.   After a verdict for the plaintiff this case is before us on the defendant's motion for a new trial. The plaintiff, while waiting to board a trolley car of the defendant, was struck by it and suffered serious injuries.

According to the allegations in the declaration, while he was standing in front of the Sawyer store in North Gray "at a reasonable, safe and prudent distance from the electric rail" to become a passenger on the defendant's car, he was hit by it when it suddenly approached and failed to stop on his signal.

The testimony is uncontradicted that there was a clear view of the track for a long distance in the direction from which the car was approaching. The plaintiff himself testified that the car was a third of a mile away when he commenced signalling it. He claims that he then kept on signalling till he finally realized that it was not going to stop, when it was too late for him to get out of the way. He was struck by the overhang of the car which extended one foot and eleven inches beyond the rail beside which he was standing. The duty of the motorman was not to bring his car to a stop before it reached the plaintiff, who at all times had it in his power to step back beyond the area that would be swept by the overhang, but

rather to stop so that the door, through which the plaintiff would customarily enter, would be approximately opposite to him. The operator of the car had no reason to suppose that a passenger would continue to stand so near the oncoming car as to be hit by it as it approached the stopping place. Neither did the plaintiff have any right to assume that it would stop before it reached him. His remaining standing close to the track until struck is as inexplicable to this Court as it doubtless was to the motorman operating the car. As was said in another case the plaintiff standing "so near as to be within the reach of an oncoming train's ordinary and standard overhang was presumptively negligent. This presumption he has clearly failed to overcome." *Haarland* v. *Maine Central Railroad Co.*, 125 Me., 52, 54.

The case is distinguishable from *Verrill* v. *Androscoggin Electric Co.*, 116 Me., 519, where the plaintiff was struck by the overhang of a car while standing on a platform of the defendant built to accommodate passengers.

Neither does the so called "last clear chance" doctrine apply here. Under such principle of law a plaintiff may recover in spite of his own negligence, if there comes a time prior to the accident when he can not and the defendant can by the exercise of due care prevent it. *Kirouac* v. *Androscoggin & Kennebec Ry. Co.*, 130 Me., 147. In the present case the plaintiff could at any time have withdrawn from the zone of danger. His failure to do so was negligence which continued up to the moment of his being hit. He had the "last clear chance" to avoid the accident. *Haarland* v. *Maine Central Railroad Co.*, supra.

The plaintiff's want of due care was a proximate cause of the injuries which he suffered, and by reason of it he is barred from recovery. It is accordingly unnecessary for us to consider the question of the defendant's negligence.

*Motion sustained.*
*New trial granted.*