MARIE GOUDREAU *vs.* ALFRED B. OUELETTE.

JEAN-BAPTISTE GOUDREAU *vs.* ALFRED B. OUELETTE.

York.      Opinion, April 8, 1935.

*Louis B. Lausier*, for plaintiffs.
*Joseph R. Paquin*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.   In the early evening of March 18, 1933, the defendant, Alfred B. Ouelette, while driving his light Ford truck westerly along Elm Street in the City of Biddeford, ran into Marie Goudreau, who brings the action of negligence here numbered 1,472 for the personal injuries she received. Her husband, Jean-Baptiste Goudreau, in number 1,473 seeks compensation for his expenses and losses resulting from his wife's accident. The cases were tried together and the verdicts were for the defendant. Exceptions to the refusal of the presiding Justice to give requested instructions were reserved by the plaintiffs in each case and come forward with their general motions for new trials.

The evidence clearly establishes that the defendant, Alfred B. Ouelette, drove his truck at an excessive speed and out of control into the intersection formed by Elm and Center Streets in Biddeford and directly in front of St. Joseph's Church, where he knew pedestrians were regularly passing and, with diverted attention, ran down the plaintiff, Marie Goudreau, as she was passing along over the crosswalk. This was negligence. *Hill* v. *Finnemore*, 132 Me., 459, 172 A., 826; *Rouse v. Scott*, 132 Me., 22, 164 A., 872; *Sturtevant* v. *Ouelette*, 126 Me., 558, 140 A., 368.

The jury were warranted, however, in finding that the plaintiff, Marie Goudreau, was also negligent. She admits that she stepped off the sidewalk on the southerly side of Elm Street and attempted to walk across to the opposite side without looking, outside the crosswalk, in either direction for approaching automobiles. The intersection was well lighted and her view was unobstructed. Elm Street at this point is a part of the through way between Portland and Boston and motor traffic is heavy and constant. Marie Goudreau was a regular attendant at her Church and was fully acquainted with the traffic conditions in front of it. Her utter lack of care in crossing the street, by her own admissions in no way clarified or contradicted, warranted the jury in finding that she was guilty of negligence which directly contributed to her accident. The "last clear chance" rule does not apply because her negligence progressively and actively continued up to the point of collision.

*Clancey* v. *Power and Light Co.,* 128 Me., 274, 147 A., 157 ; *Hill* v. *Finnemore,* supra ; *Sturtevant* v. *Ouelette,* supra.

The further defense argued on the brief that the plaintiff, Marie Goudreau, had crossed Elm Street when she was struck by the defendant's automobile, passed up the sidewalk and stepped back into the highway does not require extended discussion. The testimony offered in support of this claim is entirely inconsistent with the circumstances and probabilities of the cases as disclosed by the other evidence and is opposed by credible evidence of overwhelming weight. It can not serve as the foundation of a verdict. *Emery* v. *Fisher,* 128 Me., 453, 148 A., 677 ; *Page* v. *Moulton,* 127 Me., 80, 141 A., 183 ; *Moulton* v. *Railway Company,* 99 Me., 508, 59 A., 1023. It is not to be assumed that the jury rested their verdicts on this defense.

The exceptions reserved show no prejudicial errors. The requested instructions, although phrased substantially in the language of decided cases, were generally inapplicable to the undisputed facts and could not, if given and followed by the jury, have absolved the plaintiff, Marie Goudreau, from her own negligence.

In each case, the entry is

> *Exceptions overruled.*
> *Motions overruled.*
> *New trials denied.*