ARTHUR BARLOW, PRO AMI
*vs.*
ROBERT LOWERY

RICHARD BARLOW
*vs.*
ROBERT LOWERY

Lincoln.    Opinion, June 14, 1948.

*Edward W. Bridgham,*
*Harold J. Rubin,* for plaintiffs.

*William B. Mahoney,*
*James R. Desmond,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MURRAY, A. R. J.

FELLOWS, J. These are general motions for new trials made by the two plaintiffs after verdicts for defendant. The actions were brought by a minor and his father for alleged negligence. The motions are overruled.

The accident happened on November 3, 1945, in the town of Boothbay Harbor, Maine at approximately 10:15 P. M. when an automobile, operated by the defendant, struck and injured the minor plaintiff, Arthur Barlow, who was a pedestrian on the public highway that leads from the town of Boothbay to Boothbay Harbor.

The declaration of Arthur Barlow, the fifteen-year-old minor, and the declaration of Richard Barlow, the father, allege due care and caution on the part of the minor plaintiff, and that the defendant, Robert Lowery, was negligent in that (1) the speed of his automobile was excessive, (2) that he was under the influence of intoxicating liquor, (3) that he failed to have his car under proper control, and (4) that his automobile had defective lights. The plea was the general issue. Jury trial was had at the November term, 1947, of the Superior Court for the County of Lincoln. The two cases were tried together. A verdict for the defendant was returned by the jury in both cases.

The question for decision is, whether the verdicts are manifestly wrong. *Eaton* v. *Marcelle,* 139 Me. 256; *Huntoon* v. *Wiley,* 142 Me. 262; 49 Atl. (2nd) 910.

From the evidence presented a jury might find, and in these cases, undoubtedly did find, that:

On one of the main highways in Lincoln County—a highway that is macadamized and twenty-two feet wide, with gravelled shoulders three feet wide on both sides—the minor

plaintiff, Arthur Barlow, and two friends, were walking home. Arthur Barlow and his companions, Paul Little and Edward Andrews, were teen age boys returning from an evening at a skating rink. The night was clear and cold. There was no snow on the ground. The road was dry. The boys were walking on the right-hand part of the road, so that the traffic from Boothbay to Boothbay Harbor would approach them from behind. There was no sidewalk, but there was the gravelled shoulder, and at the place of accident a guard rail or fence. The highway at this point was straight, and there was an unobstructed view for a long distance in both directions. The place was partially lighted by a street light.

The three boys were close together, abreast, and they were "walking along talking to each other." The minor plaintiff stated that he "heard no car at all until just before I was struck," but he had noticed "a small flicker of light between my feet," and had continued on and "never paid any attention to it." This plaintiff further said "we was just walking along and Ed was talking, and he never talked very loud anyway. I never heard anything till the car got us, right on top of us, because I was listening paying more attention to Ed." The plaintiff testified that he was the middle boy, and had his right hand on Paul Little's left shoulder, and his left hand on Edward Andrews right shoulder.

The evidence for defendant was to the effect that he was driving at a rate of thirty-five or forty miles per hour, when he saw the boys who were nearly in "the middle of the highway" twenty-five to thirty feet ahead. The defendant placed the point of impact eleven feet from the guard rail fence. The defendant "turned out from them," applied his brakes, and did not know he had struck anything, although he heard a "tick," and one of his passengers "hollered." He stopped some distance from the place of accident and went back. The Andrews boy (who died) and the injured plaintiff Barlow, were then "on" or "near" or "against" posts of the guard rail.

The plaintiff's version of how the accident happened differed sharply from that of the defendant. The plaintiff claimed that he and his two companions were on the extreme right, that Paul Little was on the gravel with right hand touching the fence. The plaintiff was very close to Little, and the plaintiff had "one foot on the tar surface" and "one foot on the gravel." The Andrews boy, at the left of the group, was necessarily on the tar surface. The plaintiff testified that Andrews was "a foot and a half on the tarred surface." The boys were wearing dark-colored clothes.

In these actions, the burden to prove the negligence of the defendant, and to prove that no lack of due care contributed to the injuries, was upon the plaintiffs. *Baker* v. *Transportation Co.*, 140 Me. 190; *Rouse* v. *Scott*, 132 Me. 22. Also, where a father is plaintiff, seeking to recover for expenses and loss of minor's services, if there is contributory negligence on the part of the son it bars the father from recovery. *Bonefant* v. *Chapdelaine*, 131 Me. 45, 51. It should appear from the circumstances that the defendant was negligent and that the plaintiff was using due care. "If the result was produced by a commingling of the negligences of the two parties, the plaintiff cannot recover." *Lesan* v. *Railroad Co.*, 77 Me. 85, 87; *White* v. *Michaud*, 131 Me. 124, 128; *Eaton* v. *Ambrose*, 133 Me. 458. The standard of measurement for both parties is, therefore, the care and caution exercised by a person who is ordinarily prudent and thoughtful. One who falls below this level, when in dangerous circumstances, is negligent. The law does not expect the impossible, but it does expect ordinary or reasonable care.

If the jury believed the testimony of the witnesses for the plaintiffs, there was evidence of defendant's negligence. The negligence of the defendant might even be inferred from the defendant's own testimony. The defendant's contentions, however, that the minor plaintiff and his companions were walking at night in the center of a right-hand

highway lane with their backs toward traffic, talking together, and paying no attention to approaching cars even when they saw a "flicker of light," would warrant a jury, if believed, to return a verdict for the defendant.

It was decided early in the history of this state that a person has the right to use the highway as a foot passenger, and that to be on the highway is not, *alone* and of *itself*, negligence as a matter of law. The question of due care is to be determined from all circumstances. *Coombs* v. *Purrington*, 42 Me. 332; *Cole* v. *Wilson*, 127 Me. 316. The pedestrian, however, must be "most vigilant" for his own safety, if he sees fit to accept "the obvious hazard of the highway." *Cole* v. *Wilson*, 127 Me. 316, 320; *Tibbetts* v. *Dunton*, 133 Me. 128.

It is well known that if the highway pedestrian is not dressed in bright clothing and walks without a light, it is often impossible for him to be distinguished after dark, when beyond the distinct range of headlights. The hazard of the highway becomes at certain times, and under some circumstances, a suicidal peril. Due care on the part of the night highway pedestrian may demand that he frequently look for and listen for approaching danger and, if necessary, to promptly leave the way entirely free for motor traffic. Ordinary care may sometimes require that he walk on the left-hand side, in order to better see and avoid approaching cars. He must indeed be vigilant for his own safety when he is walking on, or even too near, the right-hand travelled portion of a way with his back to oncoming vehicles.

The plaintiffs, in the brief of counsel, deny that there was contributory negligence on the part of the minor plaintiff, but they say that if the evidence warrants a finding of "some negligence" on the part of the plaintiff, then the jury verdict is manifestly wrong, in that it "does not follow the law of last clear chance."

The "doctrine of the last clear chance," or "the doctrine of discovered peril," is recognized in Maine, and may or may

not be applicable in negligence cases, depending on the circumstances. It applies after defendant has become, or should become, aware that the plaintiff is in a position of peril, and that the plaintiff cannot reasonably escape in the exercise of due care, while the defendant has the opportunity, by exercise of reasonable care, to avoid injury. The doctrine of last clear chance is applicable where the negligent acts of the two parties are not concurrent. The negligence of the plaintiff has ceased, or is too remote. The negligence of the defendant is the last negligence, and is the proximate cause. It is the *last* chance, and it must be the last *clear* chance. It cannot be invoked if the plaintiff's own act is the last negligent act, or if the plaintiff's own negligence is actively concurring. *Coombs* v. *Mason,* 97 Me. 270, 274; *Moran* v. *Smith,* 114 Me. 55; *Goudreau* v. *Ouelette,* 133 Me. 365; *Atwood* v. *B. & O. Ry.,* 91 Me. 399; *Stone* v. *Forest City,* 105 Me. 237, 240; *Smith* v. *Joe's Market,* 132 Me. 234; 5 Am. Jur. 778, pars. 490, 491; 38 Am. Jur. 900, pars. 215-224. If the plaintiff can withdraw from the zone of danger, his failure to do so may be continuing negligence. The plaintiff sometimes has "the last clear chance" to avoid the accident. *Sawyer* v. *Electric Co.,* 131 Me. 60. "The question of causal connection is ordinarily for the jury." *Neal* v. *Rendall,* 98 Me. 69, 74. *Kirouac* v. *Railway,* 130 Me. 147. No exceptions were taken to the charge of the presiding justice, and it is presumed that the charge correctly presented to the jury the applicable propositions of law.

The plaintiff's brief, in discussing last clear chance, calls the court's attention to one case only,—*Arnold* v. *Owens,* 78 Fed. (2nd) 495, where the doctrine is considered, but many statements therein do not agree with Maine decisions. In the Arnold case the plaintiff was on the right shoulder of the road. She was not on the travelled portion of the highway. The Circuit Court of Appeals for the Fourth Circuit held that the jury should be instructed that the defendant was liable if the driver of the truck saw or should have seen that the plaintiff was in a position of danger in

time to have avoided hitting her, by using ordinary care. The plaintiff in the Arnold case "believed she was in a position of safety." The Court of Appeals say: "He (defendant) himself, according to his testimony, believed that with his wheels on the pavement there was no danger, and he took a chance. Obviously, his was the last decision, and he must take the responsibility for the mistake." *Arnold* v. *Owens*, 75 Fed. (2nd) 495, 499. The case at bar differs from the *Arnold* case, because it is seriously disputed as to where this minor plaintiff Barlow was, what care he exercised, if any, before and after he saw the "flicker" of light, and if the plaintiff was negligent, was it continuing, to say nothing of the facts in dispute relative to other circumstances and to the acts of the defendant.

The evidence here was conflicting, as in nearly all automobile actions, and where there is a conflict in testimony the verdict of a jury will not be disturbed, if it is supported by evidence that is credible, reasonable and consistent with the circumstances and probabilities of the case, so as to afford a fair presumption of its truth. *Jannell* v. *Myers*, 124 Me. 229. The weight and value of evidence depend on its quality, and not on the number of witnesses. *Bennett* v. *Hathorn*, 125 Me. 513; *Ladd* v. *Bean*, 117 Me. 445. Also, when there are two arguable theories, and both are properly sustained by evidence, the Law Court is without authority to act. "It is only when a verdict is plainly without support that a new trial on general motion may be ordered." *Young* v. *Potter*, 133 Me. 104, 108; *Mizula* v. *Sawyer*, 130 Me. 428, 430.

The burden is on the moving party to show that the adverse verdict is clearly and manifestly wrong. *Dube* v. *Sherman*, 135 Me. 144; *Perry* v. *Butler*, 142 Me. 154; 48 Atl. (2nd) 631; *Jannell* v. *Myers*, 124 Me. 229. This is true even though it may seem to the Law Court that the evidence as a whole preponderates against the jury finding. "Our power is limited to decisions of the question whether the verdict is so plainly contrary to the evidence that manifest-

ly the jury was influenced by prejudice, bias, passion or mistake." *Jannell* v. *Myers*, 124 Me. 229, 230.

After a careful study of the complete record of the trial the court cannot say that in these verdicts there is "clear" or "manifest" error.

*Motion for new trial*
*overruled in each case.*