SADIE J. FOLLEY, PLAINTIFF-RESPONDENT, v. UNITED
BUILDING AND LOAN ASSOCIATION OF HACKENSACK,
DEFENDANT-APPELLANT.

GEORGE FOLLEY, PLAINTIFF-RESPONDENT, v. UNITED
BUILDING AND LOAN ASSOCIATION OF HACKENSACK,
DEFENDANT-APPELLANT.

Submitted January 26, 1935—Decided April 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiffs-respondents, *James A. Major.*

For the defendant-appellant, *Harry E. Walburg.*

The opinion of the court was delivered by

CASE, J. Sadie J. Folley sues for personal injuries and
her husband, George Folley, for damages *per quod.* Each
state of demand alleges that the defendant is the owner of
certain dwelling house premises and that on or about Feb-
ruary 12th, 1934, the parties plaintiff, as tenants of the
premises, took up their occupancy by virtue of a certain lease
made by the defendant with Mrs. Folley; that the defendant,
as landlord, was then under the duty of using due and proper
care to keep and maintain the stairways in a safe and proper
condition; that defendant failed therein and that con-

sequently, on the said February 12th, 1934, Mrs. Folley fell and was injured in using the rear stairway. At the close of plaintiffs' case defendant moved and was denied a nonsuit, to which ruling exception was taken. At the close of the entire case defendant moved for a direction of verdict upon which decision was reserved. The ruling on the last mentioned motion and the judgment itself do not appear in the printed state of the case except as the clerk's docket discloses a judgment for the plaintiff in the sum of $200. However, the issue disclosed by the briefs is whether the defendant was entitled to succeed as on a motion for judgment, and this, in turn, depends upon whether or not there was evidence to establish Mrs. Folley as an invitee rather than as a trespasser or a licensee.

On January 22d, 1934, Mrs. Folley and the defendant entered into a written lease for the premises to begin on February 15th, 1934, and to end on May 1st, 1935. Mrs. Folley testified that there as an oral undertaking by the defendant that it would make necessary repairs, "would clean and fix everything there was to be done and have the house in good order." Assuming that that oral undertaking made by a representative of the defendant was binding upon the defendant, it nevertheless remains that the Folleys went into the premises on the 12th of February, three days before the term of the lease began, apparently without any authority and, so far as the record discloses, without any knowledge on the part of the defendant. We are unable to draw from the testimony an invitation to the Folleys to enter the premises before the time fixed in the lease or to deduce a legal obligation upon the defendant to have the repairs made before the beginning of the lease term. Respondents' brief contains the assertion that "there was sufficient evidence from which a jury could infer that Mrs. Folley was an invitee," but we are cited to no such testimony. The burden of proof is, of course, upon the plaintiffs, and as there is no proof that the plaintiffs were on the premises on the 12th day of February by any invitation, express or implied, of the defendant, it follows that they were either trespassers or licensees. The general rule is that the only duty of a landowner to a licensee

or a trespasser is to refrain from acts willfully injurious. *Fleckenstein* v. *Great Atlantic and Pacific Tea Co.,* 91 *N. J. L.* 145; 102 *Atl. Rep.* 700. There is neither proof nor suggestion that the defendant as guilty of willful or wanton injury. Defendant's motion should, therefore, have been granted as to Mrs. Folley. Unless the wife can recover for personal injuries suffered by her, the husband in such an action is not entitled to consequential damages. *Rossman* v. *Newbon,* 112 *N. J. L.* 261; 170 *Atl. Rep.* 230. Therefore the motion as to the husband should also have been granted.

Judgment below will be reversed.