# GROVER WINEMAN v. HENRY J. CARTER.[1]

April 17, 1942.

No. 33,167.

*Freeman & King* and *Arthur B. Geer*, for appellant.

*Kenneth K. McMillan* and *Thomas O. Kachelmacher*, for respondent.

STONE, JUSTICE.

Plaintiff seeks recovery for sums paid by him in the hospitalization and treatment of his minor son, following injury sustained by the latter in an automobile accident. The case was submitted

[1]Reported in 4 N. W. (2d) 83.

below upon stipulated facts. Decision going for plaintiff, defendant appeals from the judgment.

Defendant is sued upon the theory that he negligently permitted plaintiff's son John to drive defendant's automobile. The boy was in his sixteenth year. He had been reared in Minneapolis, enjoyed its educational advantages, and was a freshman in one of its junior high schools. On two or three earlier occasions, he had operated the automobile in question. He had driven it in the nighttime and in the same section of the city where the accident occurred. He had had no other accidents and been guilty of no violation of traffic law. He did not have a driver's license, a fact not known to defendant. A friend who rode with him on the evening in question had done so on "several occasions." Driving the car on a Minneapolis street, while smoking a cigarette John dropped it and in attempting to retrieve it "took his right hand from the wheel and also took his eyes from the road and in the moment of picking said cigarette up, either from the cushion or the floor of the car, collided with" a parked car, as a result of his momentary inattention.

1. We cannot avoid the conclusion that the accident was contributed to, if not caused solely, by the negligence of plaintiff's son. True, the question of negligence is ordinarily one of fact. True, also, children are more readily excused from the charge of negligence than are adults. Hindal v. Kahler Corp. 167 Minn. 48, 208 N. W. 524; Roberts v. Ring, 143 Minn. 151, 173 N. W. 437. That does not mean that the modern boy of normal intelligence, physique, and experience, who has reached his fifteenth year, cannot be chargeable with negligence as matter of law. Gibbs v. Dayton, 166 Mich. 263, 131 N. W. 544. He must be so charged when reasonable consideration of his conduct permits no other conclusion. That is this case. There is no suggestion that John Wineman was subnormal, physically or mentally. What he did and failed to do, admittedly causing the accident, we consider want of due care as matter of law.

2. It is settled that the parent of an injured child takes his right of action for loss of services and expense of medical attention "subject to any defenses that could be urged against the child, in whom the whole cause of action, but for the law, would vest." Callies v. Reliance Laundry Co. 188 Wis. 376, 381, 206 N. W. 198, 200, 42 A. L. R. 712; Tidd v. Skinner, 225 N. Y. 422, 122 N. E. 247, 3 A. L. R. 1145; Bonefant v. Chapdelaine, 131 Me. 45, 158 A. 857; Thibeault v. Poole, 283 Mass. 480, 186 N. E. 632. The annotation, 42 A. L. R. 712, 717, leaves no doubt that the Wisconsin court's statement of the rule is correct. It has never been thought otherwise here. It is so well settled that we have had little occasion to consider it. See City of St. Paul v. Kuby, 8 Minn. 125 (154).

The decision below seems to have proceeded, in part at least, upon the theory that, as matter of law, an automobile is within the special rule of strict liability applicable to "an inherently dangerous instrumentality." Long ago we held otherwise. Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A.(N.S.) 598; Provo v. Conrad, 130 Minn. 412, 153 N. W. 753. That is the "almost unanimous" view. Annotation, 16 A. L. R. 270.

It follows that the judgment must be reversed with direction to enter one for defendant.

So ordered.