80 N.J. Super. 538 (1963)
194 A.2d 361
DEBORAH FEKETE, AN INFANT BY JOHN FEKETE, HER GUARDIAN AD LITEM; AND JOHN FEKETE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
SOL SCHIPLER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1963.
Decided October 16, 1963.
*539 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Leonard S. Sachar argued the cause for appellants (Messrs. Sachar, Sachar & Bernstein, attorneys).
Mr. Harry Smith argued the cause for respondent (Mr. Vincent C. Duffy, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
The infant plaintiff, a seven-year-old child, while riding a bicycle in a public street was injured in a collision with an automobile being operated by defendant. She sued for damages. Her father also sued for medical expenses incurred on behalf of his daughter. The case was submitted to a jury which returned a verdict of "no cause of action." Plaintiffs appeal.
On behalf of the infant plaintiff it is contended that the trial court's charge on contributory negligence was confusing and erroneous. We do not agree. The charge substantially set forth the correct rule of contributory negligence applicable to the instant case. Moreover, plaintiffs' objection to the charge, at trial, was confined to the court's statement that the jury should judge the infant "by the conduct expected of a girl her age * * * as to the conduct expected *540 of a seven-year old child and her intelligence or her ability." (Emphasis added.) While not carefully articulated, the language used was substantially correct. Note the similar use of the word "expected" in Bush v. N.J. & N.Y. Transit Co., Inc., 30 N.J. 345, 358 (1959).
It is also argued that the trial court erred in charging the jury that the father's claim for consequential damages would be barred by the contributory negligence of the infant plaintiff.
It is conceded that the general rule in this country is that a parent's claim for consequential damages is barred by the contributory negligence of the injured child. 3 Restatement, Torts, § 703, comment a (1938); 39 Am. Jur., Parent and Child, § 85, p. 731; 67 C.J.S. Parent and Child § 47. However, the rule has been criticized as illogical. See Prosser, The Law of Torts (2d ed. 1955), § 104, at p. 702; 1 Harper and James, The Law of Torts 633 (1956).
In this State the issue has never been directly passed upon, although several cases indicate that the general rule, supra, would be followed. Cf. Vorrath v. Burke, 63 N.J.L. 188 (Sup. Ct. 1899); Rossman v. Newbon, 112 N.J.L. 261 (E. & A. 1934); Folley v. United B. & L. Assn., 13 N.J. Misc. 293, 178 A. 95 (Sup. Ct. 1935).
On behalf of the parent claimant herein it is argued that the recent decision of our Supreme Court in Orr v. Orr, 36 N.J. 236 (1961), indicates that the court would now hold that the contributory negligence of the child is not a bar to the parent's claim for consequential damages. In Orr it was held that a parent's claim for consequential damages was basically a separate cause of action and could be maintained even though the infant's claim became barred by her subsequent marriage to the tortfeasor.
All that the Supreme Court held in Orr was that the infant's subsequent marriage to the tortfeasor operated to bar only her own suit and did not affect her father's claim which, like her own, was initially valid and enforceable. The opinion therein, while holding that the father's claim was "basically a *541 separate cause of action," recognized that ordinarily the facts establishing initial liability of the defendant to the child must be proved in a parent's cause of action for consequential damages. Where the infant is contributorily negligent there is no initial cause of action on behalf of the infant. The Orr decision is distinguishable on that basis.
We adhere to the general rule that a parent's claim for consequential damages is barred by the contributory negligence of the injured child.
We note that this would have been an appropriate case to utilize the procedures set forth in R.R. 4:50 regarding special verdicts. We do not know whether the jury's verdict of "no cause of action" was based on a finding that defendant's negligence had not been established by a preponderance of the evidence, or that defendant was negligent but that the infant plaintiff was contributorily negligent. Had the jury been required to return special findings of fact this appeal might have been obviated.
Affirmed.