EVA SOULE EMERY, ADMINISTRATRIX
ESTATE OF GUY T. EMERY
*vs.*
NELMO FRATESCHI, SR. AND EDWARD A. FRATESCHI

Androscoggin.   Opinion, June 2, 1965.

*Grover G. Alexander*, for Plaintiff.

*Marshall & Raymond,*
*Linnell, Choate & Webber,*
   by *G. Curtis Webber*, for Defendants.

SITTING: WILLIAMSON, C. J., TAPLEY, SULLIVAN, MARDEN,
   RUDMAN, JJ.   WEBBER, J., did not sit.

SULLIVAN, J.   Upon a very dark yet fair summer night
on Route 11 between Webb's Mills and Poland in an easterly

direction Guy T. Emery the intestate companionless was driving his Plymouth automobile along a curve at the bottom of a grade. Simultaneously the defendant Edward Frateschi a minor aged 15 was operating a Pontiac car the property of his father, defendant Nelmo Frateschi, Sr., in an opposite and westerly course and into the same curve. The two vehicles collided. Emery was killed and death was apparently instantaneous. Edward Frateschi and his three youthful companions were severely injured.

The automobile of Emery left the highway turned onto its roof and pointed westerly in the direction from which it had come. The Frateschi car swung about upon the highway so as to face the east and came to a halt. Both vehicles had become immeasurably damaged.

Mrs. Emery as administratrix of the estate of her deceased husband instituted her action for the benefit of his children and of herself as his widow to recover pecuniary damages resulting from the death of Mr. Emery and to compensate the estate for funeral expenses. Her complaint alleges that such losses were caused by the negligence of the defendant and operator Edward Frateschi and that the father Nelmo Frateschi must share with his son a joint liability for having furnished the Pontiac car driven by the son. The parties in this case have stipulated that the father did so furnish the car. R. S., 1954, c. 22, § 156.

The defendant Edward Frateschi through his father as next friend has counterclaimed against the Emery Estate for personal injuries caused to Edward by the negligence of the intestate. The defendant Nelmo Frateschi counterclaimed for the negligent destruction of his automobile and for the cost of medical and hospital services provided by the father for his negligently injured son.

A jury trial was held. At the close of all the evidence the plaintiff moved for a directed verdict as to her complaint and as to the counterclaims of the defendants.

Each defendant filed a motion for a directed verdict.

All such motions were denied by the presiding justice.

The jury disagreed and a mistrial was declared.

All parties filed motions for judgment *n.o.v.* These motions were also denied by the justice and all parties have appealed.

During the trial the three passengers who had been riding with Edward Frateschi at the time of the collision and who had sustained grave injuries testified to total oblivion as to the happenings resulting in the accident. Guy Emery was deceased and Edward Frateschi became incompetent to testify when the plaintiff invoked against him the provisions of R. S., 1954, c. 113, § 119. (16 M. R. S. A., § 1.)

Secondary or circumstantial evidence was the sole medium of proof available to the parties in this case. Mute indicia of physical actions and reactions.

Route 11 as it affects this controversy traverses a countryside for several miles. At the place of collision the highway as improved and traveled is in width 20 feet, 8 inches or 21 feet, 1 inch according to the recorded testimony and has shoulders approximately 5 feet wide. There was no demarcated center line. The road sharply curves at 7 degrees with a 700 foot radius at the locus of the accident and has a slight bank of 2 feet in 20 feet to accommodate for the curve. To the west there rises a hill at the rate of 5 feet vertically to 100 feet of distance. The crest of the hill is some 480 feet westerly from the place of collision and the bottom of the hill is some 150 feet eastwardly. The road had a hard surface and was posted for a maximum speed of 55 miles per hour.

Just before the mishap the defendant Edward Frateschi was operating the Pontiac car westerly on Route 11. The late Guy Emery was driving his Plymouth car easterly.

After the collision each car was severely damaged in front from driver's right to left. The front license plate of the Emery car prior to the accident had been affixed to the middle of the front bumper. Following the collision that plate was found to be embedded between the left front tire and the front bumper of the Frateschi car. The Frateschi vehicle had turned almost 180° and was headed easterly. The Emery car was off the highway to the south.

There were fluid and debris from the crushed cars upon the road surface on both sides of the medial line and a gouge in the macadam by the left front wheel of the halted Pontiac. On the traveled road there were no tire marks attributable to the Emery car. The roadway was dry.

There were visible on the road's surface 2 "layover" or "scuff" marks, parallel, each of a tire's width and separated from each other by the space obtaining between two opposite automobile wheels. Those tire marks were 29 feet in length and the left mark terminated 8 inches southerly of the center of the highway.

There were two notable gouges. The longer was just to the right of or the north of the left "layover" mark, approximately in the center of the road. The slighter gouge led from the left "layover" mark to the Pontiac's left front wheel.

Through the 29 feet of their length the tire marks coursed very gradually to the left to the extent of one foot in the 29 feet. Those tire marks may be attributed to the Pontiac or Frateschi car. From "the right side of the left front tire (of the Pontiac car) to the outside of the left side of the left fender" was a distance of about "8 to 10 inches."

Each automobile was about 6 feet wide and the traveled road width of 20 feet, 8 inches or 21 feet, 1 inch would have afforded an unobstructed passage abreast for both cars.

For want of autoptic testimony as to the mishap there is an implacable inference for the fact finder that at the crisis of collision the Frateschi car in respect to its left front corner was protruding onto its left or "wrong" side of the center line of the highway a distance of 8 inches plus the additional inches to be measured from the left side of the left front tire to the outside of the left side of the left fender.

It is equally and insistently inferable that the Emery or Plymouth car was to some extent upon its left or "wrong" side of the way at the moment of impact. The front Emery license plate was found locked between the left front tire and bumper of the Frateschi car following the disaster. Obviously that number plate became wedged at the instant of contact of the vehicles. We must therefore deduce that the left front of the Frateschi car and the mid front of the Emery car were the initial surfaces of encounter. We are not obliged to assume. There is testimony that the front license plate hanger of the Emery car had been in the center of the front bumper, a fact verifiable by the photographic exhibits.

Thus upon the record for want of other contrary evidence the presumptive negligence of each of the two car operators must be deemed to persist and abide as a constant determinant. *Atherton* v. *Crandlemire,* 140 Me. 28, 30; *Bragdon* v. *Kellogg,* 118 Me. 42, 44; R. S., 1954, c. 22, § 83. Any other conclusion from the evidence presented would flow from conjectural premises.

Defendants upon the evidence have sustained their burden of establishing the truth and validity of their affirmative defense of contributory negligence on the part of the intestate Emery. M. R. C. P., Rule 80 (c).

The justice presiding in the trial court was correct in his denial of plaintiff's motion for a directed verdict and the latter's motion for judgment *n.o.v.* as to the principal action

of the plaintiff against the defendants. The justice erred, however, in denying the motions of the plaintiff for a directed verdict and for judgment *n.o.v.* in respect to the counterclaim on behalf of the defendant Edward Frateschi for personal injuries and the counterclaim of Nelmo Frateschi in so far as it sought reimbursement for medical and hospital services provided by the elder for the younger Frateschi. *Bonefant* v. *Chapdelaine,* 131 Me. 45, 51.

The justice below was in error upon the issue of liability when he denied the motions of Nelmo Frateschi for a directed verdict and for judgment *n.o.v.* in respect to the latter's counterclaim for the negligent destruction of his automobile by the intestate Emery.

The plaintiff filed no motion for a new trial and her failure to do so constituted a waiver. The trial below consumed several days and apart from the fact of waiver there is no perceptible reason to believe that an opportunity accorded to the plaintiff to augment her proof could avail her. Maine Civil Practice, Field & McKusick, § 50.4.

Nelmo Frateschi, Sr., is entitled to be heard as to the pecuniary damages to his Pontiac automobile as the result of the collision.

Plaintiff by her points of appeal claims grievance in the refusal of the presiding justice to submit to the jury the proffered testimony of Harold Williams related by Williams to the court in the absence of the jury. Williams narrated that at a point on Route 11, 2½ to 3 miles easterly of the place of collision, a car which Williams identified as the Frateschi Pontiac overtook and passed a car operated by Williams. Williams estimated that the Frateschi vehicle was then traveling at a high and excessive speed between 75 and 80 miles an hour. He said the Pontiac disappeared from view. Williams continued to drive, slowing down at the curves. He characterized the road as "hilly and curvy."

He stated that probably 2 or 3 minutes elapsed from the moment when the Pontiac passed him to the arrival of Williams at the scene of the accident.

The testimony of Williams was manifestly offered as the proof of the fact of the speed of the Pontiac car at one time to serve the jury as the basis of inference as to the speed of the Pontiac car a few minutes later when the Pontiac was out of Williams' view.

The trial justice acted within the bounds of his discretion in excluding the offered testimony. *State* v. *Hume,* 146 Me. 129, 140.

> " - - - - The probability of continuance depends much, of course, on the nature of the specific fact and circumstances of each case; and therefore, in setting a limit of time for the range of the evidence, the discretion of the trial Court should control - - - - "

Wigmore on Evidence, 3rd ed., § 382, P. 322.

To quote further from Prof. Wigmore and the same citation the repudiation by the presiding justice of Williams' testimony of the speed of the Pontiac car at one moment as indicative of its continued speed 2 to 3 minutes later and $2\frac{1}{2}$ to 3 miles out of sight upon a "hilly and curvy road" is only:

> " - - - - a determination that in the case in hand the contingencies of change were too many to allow the prior or the subsequent condition of things to be of probative value; or that no presumption of continuity - - - - in the strict sense, will be inferred."

See *Ronning* v. *State,* 184 Wis. 651, 200 N. W. 394, 396; *Bilgore & Co.* v. *Ryder,* 211 Fed. 2d 855, 857 (5th Cir.)

The mandate shall be:

Appeal of plaintiff denied as to the refusal of the trial justice to grant plaintiff's motion for judgment *n.o.v.* in the

matter of the complaint of *Emery, Adm'x,* v. *Frateschi, et al.*

Appeal of plaintiff sustained and judgment for plaintiff ordered upon her motion for judgment *n.o.v.* as to the counterclaim on behalf of Edward A. Frateschi against the plaintiff administratrix for personal injuries and as to the counterclaim of Nelmo Frateschi, Sr., against plaintiff administratrix for reimbursement for medical and hospital services provided by Nelmo for Edward Frateschi.

Appeal of plaintiff denied upon her motion for judgment *n.o.v.* as to the counterclaim of Nelmo Frateschi, Sr., for the negligent destruction of his automobile only.

Appeal of defendants sustained as to the refusal of the trial justice to grant defendants' motion for judgment *n.o.v.* in the matter of the complaint of *Emery Adm'x,* v. *Frateschi et al.;* judgment to be entered for defendants notwithstanding the verdict.

Appeal of Nelmo Frateschi, Sr., sustained as to his motion for judgment *n.o.v.* in respect to his counterclaim against the plaintiff administratrix for damage to the former's Pontiac automobile. This division of this case is remanded to the Superior Court for a hearing on damages.

We have used *"n.o.v."* as applied to the motion and judgment in the categorical sense in which it is used in the commentary by Field & McKusick on Rule 50, M. R. C. P. There having been a jury disagreement we have under Rule 50 (b) treated the motions for judgments *n.o.v.* as motions for judgments in accordance with the motions for directed verdicts. See Maine Civil Practice, § 50.4.