RUTH ANN ZACH, a minor, by ADOLPH ZACH, her father, natural guardian and next friend, individually, appellee, v. GILBERT E. MORNINGSTAR, appellant.

No. 52003.

(Reported in 142 N.W.2d 440)

1366

MAY 3, 1966.

John D. Randall, John D. Randall, Jr., and John R. Hughes, all of Cedar Rapids, for appellant.

David F. McGuire and Richard D. Holden, both of Cedar Rapids, for appellee.

MASON, J.—This is an action at law brought under section 351.28, Code, 1962, on behalf of Ruth Ann Zach, a minor, by her father and next friend, seeking damages as the result of injuries to her when attacked and bitten by a dog owned by defendant. Her father, joining in the action, asked in a separate division for past and future medical expenses.

May 8, 1963, Ruth Ann, age four, accompanied her mother and baby sister to defendant's farm home. Earlier in the day defendant's wife had telephoned Mrs. Zach to drive over and pick up some sacks she had for her to make into towels. The Zachs arrived at defendant's farm about 9 a.m. and were met by Mrs. Morningstar followed by the dog. They walked to the house, crossed the porch and entered the kitchen. The dog remained on the porch. After getting the material, Mrs. Zach stayed to visit. Ruth Ann asked to go outside and play. Mrs. Zach knew the dog was outside. The Zachs and Morningstars had been neighbors for some time and visited in each other's homes. About five minutes after Ruth Ann went outside, the women heard a scream. Going out, they found Ruth Ann on the floor of the porch, the dog had its face down on hers and appeared to be biting Ruth Ann. The child was taken to the hospital for treatment where she remained ten days.

I. Plaintiffs' original petition was in five divisions, the first four alleging various theories of liability and the fifth asserting the father's claim in his individual capacity. The dog owner and his wife were named as defendants. Before conclusion of the trial, defendant-wife's motion to dismiss as to her was sustained and plaintiffs dismissed Divisions II, III and IV. The divisions asserting liability under section 351.28 and the father's claim were submitted for determination.

Defendant admitted ownership of the dog but denied liability under either division and asserted affirmatively that the proximate cause of the child's injuries was the mother's negligence in not properly supervising and caring for the minor while at defendant's home, permitting the child to leave a place of safety to play with the dog and remaining at the premises after the conclusion of the purpose of the trip. Defendant further asserted provocation of the dog by the minor and that the negligence of the mother is imputable to the father, barring his recovery.

II. Trial was to the court without a jury. The court found the proximate cause of the injury to the child was not the mother's failure to properly control her nor her voluntary exposure to the dog, the mother was not negligent, Ruth Ann was doing

nothing unlawful and defendant's dog was the proximate cause of the injury and resulting damages to plaintiffs; that the minor suffered permanent disfigurement for which he awarded judgment of $2500, the father $707.30 for doctor and hospital services and an additional $400 for additional doctor and hospital services which the court found he would be obligated to pay during the child's minority.

III. From the adverse judgments defendant appeals, asserting as error: (1) The trial court's refusal to hold the proximate cause of the injury or at least a contributing cause was the mother's failure to exercise ordinary care for the child's safety; (2) the trial court's awarding of damages to the father for possible future operations and for pain and suffering in connection therewith when said future operations were not reasonably certain.

IV. The evidence will be viewed in the light most favorable to plaintiffs—this is also the light most favorable to the trial court's judgment. Its findings of fact have the effect of a special verdict and are binding upon us if supported by substantial evidence. Citation of authority is unnecessary. Rule 344(f)1, Rules of Civil Procedure. Our question is whether the trial court's findings are supported by substantial evidence, and we will not weigh the evidence or the credibility of the witness. Iowa Mutual Insurance Co. v. Combes, 257 Iowa 135, 138, 131 N.W.2d 751, 752.

Section 351.28 provides: "Liability for damages. The owner of any dog, whether licensed or unlicensed, shall be liable to the party injured for all damages done by said dog, except when the party damaged is doing any unlawful act, directly contributing to said injury. This section shall not apply to any damage done by a dog affected with hydrophobia unless the owner of such dog had reasonable grounds to know that such dog was afflicted with said malady, and by reasonable effort might have prevented the injury."

V. Defendant contends the father's claim is based on expenses which are regarded as family expenses for which he and the minor's mother are equally liable; the proximate cause of the minor's injury was the mother's negligence; the injury

would not have happened but for the mother's negligence which is imputable to plaintiff-father and as a matter of law he is not entitled to recover where the proximate cause of the injury was the negligence and inattention of one who is jointly obligated for the expenses claimed by the father.

VI. Generally, questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as a matter of law. Citation of authority is unnecessary. Rule 344(f)10, R. C. P.

VII. Plaintiffs' witness, Clarence Tessman, testified he was driving by the Morningstar farm at the time of the incident and as he passed defendant's house he saw Ruth Ann standing on the porch facing the road. Defendant's dog was between the door and the little girl, probably right in front of the door. As the little girl turned around and started toward the door, the dog, not more than two feet from the child, just jumped on its hind legs and the girl fell back. He did not see the girl touch the dog when it jumped, but it appeared the dog raised up and pushed her as she came close to it. Realizing something was wrong, he stopped his car and backed up slowly to see what had happened. By this time Mrs. Morningstar and Mrs. Zach were on the porch, Mrs. Morningstar motioned him to come, he backed to the driveway and on request took Ruth Ann to the hospital. She was bleeding quite a bit around the face.

M. P. Brimmer, a veterinarian, testified he examined a dog at defendant's farm on the day after the incident. The dog showed no symptoms of hydrophobia and, therefore, the disease, described as a progressive type, was not present. Based on his examination, it was his opinion the dog did not have hydrophobia at anytime prior to the examination, and he was satisfied there was no possibility of rabies, which is the same as hydrophobia.

Dr. C. F. Watts, the attending physician, after describing Ruth Ann's injuries and the treatment administered, described the large scar near her right eyelid and nose as a permanent scar which would result in giving a very slight Chinese effect to her right eyelid. The doctor further testified the permanent scars were the result of the lacerations received from the dog bite.

The trial court in its judgment concluded that to entitle plaintiffs to recover, the burden was upon them to establish by a preponderance of the evidence each and all of the following propositions: (a) that defendant was the owner of the dog allegedly causing injury to Ruth Ann; (b) the dog was the proximate cause of the injury and resulting damages to plaintiffs; (c) Ruth Ann was not doing an unlawful act which in any manner contributed to her injury; and (d) that plaintiffs have suffered damage and the extent thereof.

The trial court correctly set forth the essentials of plaintiffs' right to recover, found Ruth Ann was doing nothing unlawful, the mother was not negligent, and the proximate cause of the child's injuries was defendant's dog and not her voluntary exposure to the dog. There is substantial support in the evidence for its findings of fact and the correct principles of law were applied to those facts.

It is well settled in Iowa and generally elsewhere that a parent's negligence cannot be imputed to the child in its action against a third person to recover for negligent injury to the child. Wheatley v. Heideman, 251 Iowa 695, 711, 102 N.W.2d 343, 353, and citations; Murphy v. City of Waterloo, 255 Iowa 557, 568, 123 N.W.2d 49, 56.

Defendant's contention that the father's right to recover medical expenses for the child's injuries was barred by negligence of the child's mother cannot be accepted. First, the court found the mother was not negligent and second, the contributory negligence of one parent is not imputable to the other parent to bar recovery in the latter's action for loss of services of their child, or for medical expenses incurred in caring for him. Restatement, Second, Torts, section 494A. This section has been added to the first Restatement. See also Appendix, Volume 3, section 494A.

VIII. Defendant's contention under his second assignment that the evidence does not meet the reasonably certain test so as to permit recovery for future damages is without merit. Doctor Watts testified in his opinion it would be worthwhile to try to alleviate the bridging or contracture that caused the Chinese effect to the right eyelid. While the operation could be done

at anytime, he suggested waiting until Ruth Ann was old enough to cooperate, between 10 and 14 years of age. The doctor then testified, "The medical procedure relating to the bridging would probably cost about $470 to $500. It would be $25 for the operating room; anesthetic, $50; surgery, $250; and hospital estimated at about $150. That would be rough estimate. I think these amounts are fair and reasonable. This procedure would produce pain which she would have afterwards for a period of from say five to seven days." The procedure, while it would not correct her other scars, would correct the bridging. He estimated the bridging would have an 80 percent chance of success. "As to emotional difficulty, I suppose as a teenager she will probably become concerned about it."

As a general rule, recovery may be had for the expense of medical attendance for nursing which is reasonably certain to be necessary in the future. Recovery has been allowed of expenses to be incurred to correct disfigurement resulting from the injury even though suggested by the doctor to prevent plaintiffs' concern about the slight disfigurement rather than from any medical necessity. 22 Am. Jur.2d, Damages, section 103.

The above testimony was not subject to the objection referred to in Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 723, 107 N.W.2d 85, 95. There was ample evidence for the trier of facts.

The trial court considered Doctor Watts' testimony that future surgery would improve Ruth Ann's appearance in the following language: "* * * but it is fair to add that had the court not found that in all probability some relief would be afforded by a future operation, the amount of damages sustained by the child might well have been several hundred and not less than $400 more."

A study of the record fails to disclose any allowance to the father for the child's pain and suffering in connection with the future operation. The judgment of the trial court is in all respects affirmed.—Affirmed.

All JUSTICES concur.