95 N.J. Super. 368 (1967)
231 A.2d 245
JUDY BUSH AND ELLEN BUSH, INFANTS, BY THEIR GUARDIAN AD LITEM BELLE BUSH, AND BELLE BUSH, INDIVIDUALLY, PLAINTIFFS,
v.
ARLEEN BUSH, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 2, 1967.
*372 Mr. Seymour Margulies for plaintiffs (Mr. Philip Tulipan, attorney).
Mr. John R. Drosdick for defendant (Messrs. McCarter & English, attorneys).
PINDAR, J.S.C.
This is a motion for summary judgment by defendant Arleen Bush for dismissal of an action in negligence brought by her sisters Judy Bush and Ellen Bush, by their guardian ad litem Belle Bush, for personal injuries sustained in an automobile accident. Belle Bush also sues individually as mother of the said infants for reimbursement of medical expenses and loss of services.
The facts succinctly stated are as follows: On November 28, 1963 defendant Arleen Bush, who was then 20 years of age, was driving a motor vehicle owned by and with the permission of her father Herman Bush, not a party to this action. Accompanying Arleen as passengers were her sisters Judy and Ellen, then 19 and 13 years old, respectively. All three sisters were members of the same household, living under the same roof with their mother and father. It is alleged that Arleen lost control of the vehicle because of a tire blowout resulting in striking a utility pole and both sisters being injured.
All three sisters were unemancipated at the time, and there is nothing before this court which changes that status except the incident of increased ages. The court is cognizant of the fact that the status of non-emancipation could change subsequent *373 to this application, and therefore this contingency must be considered in ruling upon the motion for summary judgment.
The motion includes all claims. Initially noticed is that the relief sought is directed to the doctrine of interfamily immunity in two aspects. First, Arleen is an unemancipated sister of Judy and Ellen and, as a matter of common law, immune from an action in simple negligence brought by them against her. Second, Arleen as a matter of law is immune from any action against her by Belle, her mother. Additionally presented is the mother's action for damages per quod. Can such action be brought by her, where the father, as head of the family, is under legal obligation to pay necessarily incurred family expenses. Finally, Arleen alleges as a matter of law that she is free of all negligence since the sole cause of the accident was a tire blowout, of which she had no notice or control. These stated contentions must, of course, be separately considered.

I
Whether an unemancipated sibling is immune from suit in simple negligence brought by another unemancipated sibling has never been precisely ruled upon by our courts. Diligent research by counsel and this court has uncovered no reported New Jersey case dispositive of the issue. Since this is a question of first impression, the court relies upon the applicable principles of law as determined in our State, Di Giendemonica v. Pennsylvania Reading Seashore Lines, 123 N.J.L. 296, 299 (E. & A. 1939), and upon decisions of our sister states that are in conformity with the general principles of law recognized by our courts. Stanbery v. Aetna Life Ins. Co., 26 N.J. Super. 498, 503 (Law Div. 1953). It is significantly apparent that the majority of our sister states hold that no bar exists which would prevent the proposed litigation between the unemancipated siblings.
In Rozell v. Rozell, 281 N.Y. 106, 22 N.E.2d 254, 123 A.L.R. 1015 (Ct. App. 1939), a 12-year-old boy sued his *374 16-year-old sister for injuries sustained while riding in an automobile negligently operated by her. The court held that while an action cannot lie between a parent and an unemancipated child, there being an interfamily immunity from suit, there is no immunity from suit as between unemancipated brothers and sisters. While cognizant of the fact that liability insurance was necessarily involved, the court nevertheless rested its decision upon the right of recovery premised upon injury. Later, in Becker v. Rieck, 19 Misc.2d 104, 188 N.Y.S.2d 724 (Sup. Ct. 1959), New York extended this wording to include the father's action against an unemancipated sibling to recover loss of services and medical expenses.
The Supreme Court of Wisconsin, in Munsert v. Farmers Mutual Automobile Ins. Co., 229 Wis. 581, 281 N.W. 671, 119 A.L.R. 1390 (1938), allowed a wrongful death action to be brought by the special administrator of an infant sibling against his 16-year-old brother, stating, "We perceive no sound reason for holding that a brother should not be liable to a brother for a tort committed upon him." See also Beilke v. Knaack, 207 Wis. 490, 493-494, 242 N.W. 176 (Sup. Ct. 1932).
Immunity of suit between unemancipated siblings has also been uniformly rejected in Emery v. Emery, 45 Cal.2d 421, 289 P.2d 218 (Sup. Ct. 1955); Overlock v. Ruedemann, 147 Conn. 649, 165 A.2d 335 (Sup. Ct. Err. 1960); Silverman v. Silverman, 145 Conn. 663, 145 A.2d 826 (Sup. Ct. Err. 1958); Midkoff v. Midkoff, 201 Va. 829, 113 S.E.2d 875, 81 A.L.R.2d 1150 (Sup. Ct. App. 1960). And see Prosser, Law of Torts (2d ed. 1955), § 101, p. 677.
In support of defendant's contention that no cause of action can be maintained by her sisters, counsel relies on Hastings v. Hastings, 33 N.J. 247 (1960), wherein that court rejected an effort to overturn precedent that an unemancipated minor child could not maintain a cause of action against her father for personal injuries caused by his simple negligence in the driving of an automobile in which she was a passenger. The rationale of Hastings is urged as applicable *375 to the present case of unemancipated sisters suing their unemancipated sister. It is said that to permit such an action would be against public policy because of disruption of harmony between members of the same family; it would encourage fraud and collusion which would break down individual integrity within the family. But can the suggested position be accepted and applied in the case at bar? I believe not. The court herein adopts the language of Justice Traynor of the California Supreme Court in Emery v. Emery, supra:
"* * * [T]he relationship between brother and sister is not complicated by reciprocal rights and obligations of the kind that characterize the relationship of husband and wife and parent and child and that lend some support to the immunities from tort liability that have been recognized in such cases."
The holding in Hastings, supra, is completely distinguishable. There the Supreme Court had no concern with an action by an unemancipated sibling against a sister in a simple negligence case.
Coupled with the rejection of defendant's present argument by the cases cited herein, this court also recognizes the common-law right of an injured party, where such injury is compensable, to maintain an action to recover damages. Immunity from suit is in degradation of this common-law principle and must therefore be strictly construed. Immunity is not the extinguishment of a right by a plaintiff to recover for injury, but it is a protective shield against the exercise of that right for the protection of the defendant for some reason dictated by public policy. Dean Prosser states:
"Such immunity does not mean that conduct which would amount to a tort on the part of the defendant is not still equally tortious in character, but merely that for the protection of the particular defendant or of the interest which he presents, he is given absolution from liability." Law of Torts, at p. 770.
As heretofore mentioned, in this State there is neither by common law nor statute any immunity from suit in favor of one sibling as against another. Clearly, Hastings was decided *376 upon our State's recognition by common law that an unemancipated child may not bring suit against its parent, nor may a parent bring an action against his unemancipated child. It goes no further, and this court will not extend such an immunity where none is provided by common law or statute.
Accordingly, this court concludes there is no immunity from suit barring an action against another sibling and holds such an action may be brought. As to this issue, summary judgment is denied.

II
The issue of whether a parent may bring an action in simple negligence against its own unemancipated child is directly related to the issue decided in Point I, except that the action brought by the parent herein is derivative upon the action between siblings. Nevertheless, whether derivative or not, it is a direct action by parent against child. As previously pointed out, the law of this State is that an action in simple negligence may not be brought between parents and unemancipated children. Again, we find no New Jersey authority which distinguishes a derivative action per quod from a direct action by the parent against an unemancipated child.
In Becker v. Rieck, 19 Misc.2d 104, 188 N.Y.S.2d 724 (Sup. Ct. 1959), a derivative action was predicated upon an action in simple negligence between siblings, brought by a father against his own unemancipated son to recover for loss of services and medical expenses as a result of personal injuries received by his unemancipated son while the latter was a passenger in an automobile driven by another son who was also unemancipated. The court, in view of the Rozell decision, supra, held that a logical extension of that holding was to allow the parent to bring a derivative action per quod against its own child. The court stated:
"It would be unreasonable to hold that the plaintiff father is to be deprived of that right [to recover from a tortfeasor] merely because the [latter] is his unemancipated son, especially when that defendant will be liable to his brother for future medical expenses." (188 N.Y.S.2d, at p. 727)
*377 Also, the court in Becker impliedly adopted the reasoning of the earlier decision in Rozell as the premise of its decision, that neither public policy nor common law would prevent such action from being brought. The court further stated recognition of auto liability insurance as a necessary consideration for allowing such recovery was not a determining factor. Note the following language in Rozell:
"Insurance as protection to the sufferer is now a matter of common knowledge. Of course, that fact alone creates no right to sue where one otherwise would not exist." (281 N.Y., at p. 113, 22 N.E.2d, at p. 257; emphasis added)
It is not logical that where there was no right previously because of immunity, that removal of such an immunity should not be tolerated upon the mere fact of there being insurance, especially where such immunity has been clearly recognized. An insurance policy is a contract by the insurer to defend the insured against damages for which the defendant may be legally liable. The carrier stands in the defendant's shoes and as such may raise any defense which the insured may legally raise. As stated in Point I, the basic consideration is one of a right of recovery as opposed to a right of immunity from that right being exercised. While in the first instance there was a right to recover, there being no common law immunity against such recovery, here we do have a right to recover denied by common law immunity against such recovery. Where the law is clear that there exists no immunity by common law or statute as between unemancipated siblings, it is equally clear that a common law immunity does exist between infant and parents. The fact that this action is derivative in no way removes that immunity nor the right of the insurance carrier standing in the defendant's stead to rely upon such immunity.
Defendant argued earlier that Hastings should be extended to actions between unemancipated siblings. Plaintiff contends that the ruling in Hastings should not be applied to a derivative action brought by a parent against an infant child, *378 where such action is predicated upon an action between unemancipated siblings. To so hold would reject the law of Hastings.
Plaintiff argues that to deny the mother's right of recovery would be unrealistic in view of there being liability insurance, and that the immunity relied upon by defendant no longer serves the purpose of preventing family discord  public policy would no longer be served by denying recovery. If the issue here is to resolve itself upon public policy, then the question is properly one for the Legislature. It is not because of the court's failure to deal with modern-day realities that liability insurance has needlessly retarded the progress of the law, but failure on the part of those who have the responsibility to promulgate the law in our present society which has retarded the progress. That responsibility belongs with the Legislature and those most concerned with the application and impact of the law upon their particular needs in a changing economic and social climate.
That principle was well stated in the recent case of Gleitman v. Cosgrove, 49 N.J. 22 (1967) where Justice Proctor said:
"Our duty in this highly charged public policy area is to say what the law is and not what we think it ought to be. What it ought to be is a matter for the legislative branch of the government, and we must assume that branch will be conscientiously responsive to the requirement of public health and welfare, and the social and economic exigencies of the times. If it is not as responsive as the people believe contemporary life demands, the remedy rests with them and not with the courts." (at p. 40)
It is also noted by the court that since Reingold v. Reingold, 115 N.J.L. 532 (E. & A. 1935), the Legislature has been aware of the status of the law as to this issue, and in its legislative wisdom has not seen fit to legislate a change in the law as set forth in that case or in Hastings. It may well be that the reality of liability insurance in our present society requires a reevaluation of the entire body of related negligence law, but this court will not presume to make a change *379 in the face of precedent, nor will it assume the powers of the Legislature.
Therefore, the motion for summary judgment premised upon an unemancipated infant's immunity from suit should be granted as to the action brought per quod by the defendant's mother. As to the mother's right to bring an action to recover per quod, an issue of fact is raised as to the status of unemancipation between mother and daughter.
Both plaintiff and defendant agree that defendant was an unemancipated infant at the time of the accident. However, that was almost four years ago. It is questionable whether defendant, at this time or in the future, will continue to be unemancipated and therefore immune from suit. The court must concern itself with the common law bar to immunity from suit as related to the actual status of defendant. Taibi v. De Gennaro, 65 N.J. Super. 294 (Law Div. 1961); Sanchez v. Olivarez, 94 N.J. Super. 61 (Law Div. 1967); Koplik v. C.P. Trucking Corp., 27 N.J. 1, 7, 8 (1958).
In view of the foregoing a material issue of fact must be resolved as to whether or not defendant is unemancipated so as to be immune from suit. Accordingly, summary judgment upon this issue of parent-child immunity must be denied.

III
An issue is also raised as to whether the mother, Belle Bush, should be allowed to bring an action against her daughter Arleen, if found under Point II that Arleen is in fact emancipated. That issue is whether a mother may recover medical expenses where the father is living with the mother and children as head of the family unit. Generally, a father is under a legal obligation to pay necessary medical expenses where the family is living together as an harmonious family unit. N.J.S.A. 9:2-4. The general rule of law does not preclude the wife's separate action where the wife, in the absence of pledging her husband's credit, has paid all expenses from her monies as femme sole, Brennan v. Biber, 93 N.J. *380 Super. 351, 362 (Law Div. 1966), or where she had paid all expenses and is free of negligence, Savoia v. F.W. Woolworth Co., 88 N.J. Super. 153, 167 (App. Div. 1965). In the recent case of Brennan v. Biber, it was found that the wife pledged her husband's credit and it was held that:
"* * * [P]laintiff mother actually obtained the medical aid for the children or paid therefor from her husband's funds the legal status of the claim for the medical expenses is the same as if the father were the claimant. Since he in fact paid the expenses and was legally obligated to pay them, the claim is his, not his wife's. If he would be barred from recovery thereon, so would she. Such bar to recovery may not be avoided merely by the device of having her sue as plaintiff on the claim." (93 N.J. Super., at p. 362; emphasis added)
In Savoia v. F.W. Woolworth Co., supra, there was no proof of any expenditure for necessary medical expenses by the wife who was contributorily negligent; the husband, as head of the household was therefore allowed to maintain an action per quod. It is well settled law that a parent who actually pays or is under a legal obligation to pay necessary medical expenses for injured children may not recover against a tortfeasor where such parent is found to be contributorily negligent. Maccia v. Tynes, 39 N.J. Super. 1 (App. Div. 1956). Here it is urged that the mother is free of negligence and that she paid for the necessary medical expenses for her injured children. Therefore, under the present application for summary judgment, questions of fact are raised as to who paid the medical expenses  whether the husband directly or through his wife's pledge of credit, or whether the wife paid exclusively from her own funds. Determination of these questions raises a material question which cannot be resolved at this time but must await plenary trial. As to this issue, summary judgment is denied.

IV
Finally, defendant contends that since the sole proximate cause of the accident was a tire blowout, the accident which resulted was unavoidable. Without going any further *381 into any other of the factual contentions of the parties, it is immediately noted that this fact is disputed by the parties. Defendant alleges that the tire blowout occurred prior to the accident; the plaintiffs claim that the blowout occurred subsequent thereto. Whether the blowout occurred before or after the accident is a material issue of fact related to the alleged negligence. Summary judgment as to this issue should be denied.
Accordingly, it is concluded that summary judgment upon all issues herein is denied, without costs.