**Ronald M. HANDELAND, Appellant,**

**v.**

**Dennis BROWN and Jane Eileen Brown, Appellees.**

**No. 2–56273.**

Supreme Court of Iowa.

March 27, 1974.

Marlyn S. Jensen, Des Moines, for appellant.

Jeff H. Jeffries of Hopkins, Bump & Huebner, Des Moines, for appellees.

McCORMICK, Justice.

In this case of first impression we are required to decide whether a parental claim for medical expense and loss of services, companionship and society under rule 8, Rules of Civil Procedure, is subject to a defense based on the injured child's contributory negligence. Trial court held it is. We disagree and reverse and remand.

Vincent Handeland is the minor son of plaintiff Ronald D. Handeland. On September 10, 1971, Vincent was operating a borrowed motorcycle in Des Moines. He was injured when he collided at an intersection with an automobile driven by defendant Jane Eileen Brown and owned by defendant Dennis Brown.

Litigation ensued. Vincent, through plaintiff as next friend, brought a negligence action against defendants seeking to recover for his injuries. Plaintiff joined the action individually to assert his rule 8 claim based on Vincent's injuries. Rule 8, R.C.P., provides, "A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child." Defendants pleaded a defense based on Vincent's alleged contributory negligence in bar of plaintiff's claim as well as Vincent's claim.

The parties agree there was sufficient evidence at trial to generate jury questions on the negligence and proximate cause averments of plaintiffs and defendants. Plaintiff requested an instruction to the effect any negligence of Vincent could not be imputed to plaintiff as to plaintiff's claim. He took timely exception to trial court's refusal to give it. The instruction given, to which plaintiff also timely excepted, informed the jury that if it found Vincent was negligent and his negligence was a proximate cause of his injuries its

verdict should be for defendants on the claims of both Vincent and plaintiff.

The jury returned its verdict for defendants on both claims. Plaintiff alone appealed. The sole issue, squarely presented, is whether trial court erred in instructing the jury a defense of contributory negligence good against Vincent would also be good against plaintiff.

The position taken by trial court is supported by cases decided in other jurisdictions but not by logic. Our choice is whether we will be persuaded to follow a rule because it is generally followed elsewhere or reject it because we believe it is unsound.

The general rule is stated in § 494, Restatement of Torts, Second:

"The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such third person would have barred his own recovery."

In the Appendix to that section the authors say the rule is supported by the great majority of cases which have considered it. Cases from several jurisdictions are cited for the principle. The authors recognize the rule has been much criticized on the ground the action is independent and not derivative. A number of law review citations are listed. A Canadian case, Wasney v. Jurazsky, 41 Man. 46, 1 D.L.R. 616 (Can.1933), is cited in opposition to the rule. See Restatement of Torts, Second, § 494 (App.1966). Other authorities are collected in an annotation at 21 A.L.R.3d 469 et seq.

Analysis of the cases shows four independent bases relied on by the courts applying the restatement rule: (1) the plaintiff's action is "derivative"; (2) the negligence of the injured party is "imputed" to the plaintiff; (3) the plaintiff receives his cause of action by "assignment" from the injured person; and (4) the rule should be

followed because it is well-settled. Although defendants cite cases from other jurisdictions in support of each basis, they choose to defend only the fourth basis. Since its strength depends upon the persuasiveness of the cases by which the general rule arose, we will discuss each basis.

I. *The derivative action theory.* Illustrative of cases in the first category is Dudley v. Phillips, 218 Tenn. 648, 405 S. W.2d 468 (1966). There, without saying why, the court held, "[A] cause of action arising in favor of the parent resulting from a tort committed against the child is derivative in nature and such action is subject to the same defenses that are available in the action arising in favor of the child." 405 S.W.2d at 471.

We rejected the derivative action rationale as applied to a rule 8 claim in Irlbeck v. Pomeroy, 210 N.W.2d 831, 833 (Iowa 1973) ("Under rule 8 the parent has a cause of action for a legal wrong to himself independent of that of the child."); see also Wardlow v. City of Keokuk, 190 N.W.2d 439, 443 (Iowa 1971). In Irlbeck we distinguished rule 8 claims from truly derivative actions, such as wrongful death actions, which are brought by one person to redress a wrong done to another rather than himself. A rule 8 claim is brought by a parent to redress a wrong done to himself rather than another.

We cannot use the derivative action shibboleth as a basis for adopting the restatement rule.

II. *The imputed negligence theory.* The imputed negligence rationale had its genesis in a federal case purporting to apply Iowa law, Chicago, B. & Q. R. Co. v. Honey, 63 F. 39 (8 Cir. 1894). It was an action by a husband for medical expense and lost consortium by reason of injuries to his wife. The court held the plaintiff was barred from recovery by his wife's contributory fault because he vouched for her ability to avoid injury by permitting her to go out unattended, and it is thus reasonable to hold him responsible for the manner in which her faculties of self-preservation were exercised. This rule was equated to a rule then extant in Iowa which would impute the wife's contributory negligence to the husband in an action against a third party for damages to a horse and carriage owned by the husband but operated with his consent by the wife.

The latter rule was repudiated when the family purpose doctrine was rejected in McMartin v. Saemisch, 254 Iowa 45, 116 N.W.2d 491 (1962), where the Honey case was referred to as "an interesting discussion of the old law" and distinguished. The court held the family use doctrine was based on obsolete concepts. Since they were no longer viable, the doctrine itself was repudiated. Cf. Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212 (1956).

Another strand of reasoning in the Honey case treated the family relationship itself as a reason for imputing contributory negligence. Permitting recovery where someone in the household was contributorily negligent was considered unjust enrichment of the family treasury. That thinking was rejected by this court long ago. See Wymore v. Mahaska County, 78 Iowa 396, 43 N.W. 264 (1889) (parent's negligence not imputed to his child); Watson v. Wabash, 66 Iowa 164, 23 N.W. 380 (1885) (child's negligence not imputed to his parent). We more recently reaffirmed our view. See Zach v. Morningstar, 258 Iowa 1365, 142 N.W.2d 440 (1966).

The reasoning of the Honey case cannot withstand critical analysis. We have implicitly disapproved it; now we explicitly do so. It rests on an archaic and discredited view of familial responsibility. We refuse to accept imputed negligence as a basis for adopting the restatement rule.

III. *The assignment theory.* The third category of cases is rooted in an assignment theory posited in Callies v. Reliance Laundry Co., 188 Wis. 376, 206 N.W. 198 (1925). This theory essentially rests on the same foundation as the derivative action theory with which it is often equated.

Basically, the assignment rationale is an effort to explain why the parental action can be called derivative. The Wisconsin court held the parental cause of action for lost services is assigned to the parent by operation of law in return for the parental support obligation. The court said, "The parent takes by operation of law a part of the child's cause of action, and he must take it as the child leaves it." Id., 188 Wis. at 381, 206 N.W. at 200.

This theory has been subjected to devastating and persuasive criticism. See, e. g., James, Imputed Contributory Negligence, 14 La.L.Rev. 340, 354–360 (1954); Gregory, The Contributory Negligence of Plaintiff's Wife or Child in an Action for Loss of Services, 2 U.Chi.L.Rev. 173, 180–193 (1935); Prosser, Law of Torts, § 125 (Fourth Ed.1971); 1 Harper and James, The Law of Torts, § 8.8 (1956). The assignment basis is a convenient legal fiction without historical validity.

Wisconsin recently limited and perhaps undermined the rationale of the Callies case in Schwartz v. City of Milwaukee, 54 Wis.2d 286, 195 N.W.2d 480 (1972).

Our holdings in Irlbeck v. Pomeroy and Wardlow v. City of Keokuk, supra, in which we identify the independent nature of a parental claim under rule 8 make it clear we do not accept the assignment rationale as a basis for adopting the restatement rule.

IV. *The well-settled rule theory.* The fourth category of cases is illustrated by Ross v. Cuthbert, 239 Or. 429, 397 P.2d 529 (1964), where the court, in the context of a wife's consortium action, by a four to three margin held the fact the rule is so well-settled in the courts overrides the logic of modern textwriters and commentators. See Pioneer Construction Company v. Bergeron, 170 Colo. 474, 462 P.2d 589 (1969). The dissent in Ross noted, "This does not answer the criticism levied against the rule, and it does not discharge

our responsibility as an appellate court to recognize only those principles of law that can be supported by sound reason." 397 P.2d at 533. We agree.

It can be argued our old cases implicitly recognized the rule at common law. See Benton v. C., R.I. & P.R. Co., 55 Iowa 496, 8 N.W. 330 (1881); cf. Hopkinson v. Knapp & Spalding Co., 92 Iowa 328, 60 N.W. 653 (1894). We once gave at least tentative recognition to the derivative action rationale. See Ziegler v. United States Gypsum Co., 251 Iowa 714, 102 N. W.2d 152 (1960); see also Guinn v. Millard Truck Lines, Inc., 257 Iowa 671, 680–682, 134 N.W.2d 549, 555–557 (1965). But see Irlbeck v. Pomeroy, supra, at 833–834.

■ However, we decline to perpetuate an erroneous doctrine simply to avoid a departure from the past. Kersten Co., Inc. v. Department of Social Services, 207 N.W. 2d 117, 121 (Iowa 1973) ("Certainly we should be as willing to correct our own mistakes as we are those of others.").

■ Similarly, we have no obligation to adopt a rule just because it has generally been adopted elsewhere. Although cases from other states may be persuasive authority, they have no greater cogency than the reasoning by which they were decided.

■ The development of the common law did not end with the Declaration of Independence. Its genius is its flexibility and capacity for growth and adaptation. See Miller v. Monsen, 228 Minn. 400, 406, 37 N.W.2d 543, 547 (1949). When common-law principles are no longer supportable in reason they are no longer supportable in fact.

The majority opinion in Ross v. Cuthbert, supra, suggests the courts which follow the principle incorporated in the restatement rule may believe it results in justice even if it is not logical. The Oregon court speculates about two possible reasons.

One is the idea that courts may oppose permitting a plaintiff to recover all his damages from a third party when a family member was responsible for them in part. The second is the possibility that courts wish to prevent a family from "teaming up" to pursue a claim against the third party. 397 P.2d at 531–532.

Such reasoning is not articulated in the cases prior to Ross, and what is more important, is contrary to reasoning long articulated in our own cases and the restatement itself. As demonstrated in Zach v. Morningstar, supra, and cases cited therein, we have rejected the doctrine that the proximate concurring negligence of a parent will bar either a child's recovery from a third party for his injuries or the other parent's recovery under rule 8 for parental damages caused by injury to the child. Cf. Wheatley v. Heideman, 251 Iowa 695, 102 N.W.2d 343 (1960), and citations. We have also rejected the view that one spouse is barred from recovering from a third party for his loss by the proximate concurring negligence of the other spouse. See, e. g., McMartin v. Saemisch, supra. Nor have we accepted the contention that an injured parent should be barred from recovery from a third party by his child's concurring proximate negligence. Watson v. Wabash, supra. The restatement is in accord. The principles in Zach and Wheatley are recognized in Restatement of Torts, Second, §§ 488(1) and 494A. The principle in McMartin is recognized in § 487, and the principle in Watson is recognized in § 488(2).

If justice is served when family members are permitted to recover damages despite the concurring proximate negligence of another member of the immediate family in all these situations, it is surely as well served by application of the same standard in this rule 8 action.

■ Negligence law in Iowa includes the principle that the merely concurrent proximate negligence of another is not a bar to recovery from one whose negligence proximately caused the plaintiff's damages. Henneman v. McCalla, 260 Iowa 60, 67, 148 N.W.2d 447, 452 (1967) ("proximate negligence need not be the sole cause of an injury"). This permits a plaintiff to recover his total damages from one whose negligence merely concurs in proximately causing his loss. We do not believe any proper basis exists for excluding from the operation of that principle only situations where concurrent proximate negligence of the injured person is pleaded as a defense to the claim of one who holds a legally protected interest in the health or life of such injured person. Specifically we are aware of no rational justification in precedent or policy to say a parent may not recover his loss under rule 8 simply because his child is barred from recovery of his separate loss by the child's contributory negligence.

The gist of the parental action under rule 8 is a wrong done to the parent in consequence of injury to his child by the actionable negligence of another. We are not in this case deciding whether such cause of action exists. It exists under rule 8. See Wardlow v. City of Keokuk, supra. We are deciding whether it will be extinguished by a contributory negligence defense good against the child. In Irlbeck v. Pomeroy, supra, we held, contrary to the rule generally followed elsewhere, that a defense good against the child is not automatically good against the parent. Cf. 67 C.J.S. Parent and Child § 45; 59 Am.Jur. 2d Parent and Child § 121. The fact the defense in Irlbeck was based on statute instead of common law is not a controlling distinction.

The eccentricity of the rule in Restatement of Torts, Second, § 494, is most graphically demonstrated by its effect in this case if Vincent had been operating a motorcycle owned by plaintiff. In that event plaintiff's negligence action against defendants for damages to the motorcycle would not have been subject to a defense based on Vincent's contributory negligence. McMartin v. Saemisch, and Stuart v. Pil-

grim, supra. Similarly, if plaintiff had been injured as a passenger on the vehicle his action based on his injuries would not have been subject to that defense. Nor, if Vincent wore clothing owned by his father, would plaintiff's action for its loss have been subject to a defense based on Vincent's contributory negligence. In each of these situations the general principle would be applicable. The merely concurrent negligence of the child would not bar parental redress. By the same logic the father's rule 8 claim should not be subject to a defense predicated on the merely concurrent negligence of the child.

■ Faced with the choice of following a rule simply because it has generally been followed elsewhere or rejecting it because we believe it is unsound, we choose to reject it. We hold a child's contributory negligence, not the sole proximate cause of his injury, is not a defense to a parental claim under rule 8 for the expense and actual loss of services, companionship and society resulting from injury to or death of the child.

Trial court erred in holding otherwise. Plaintiff is entitled to a new trial.

Reversed and remanded.

MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ., concur.

MOORE, C. J., and UHLENHOPP, LeGRAND, and REES, JJ., dissent.

UHLENHOPP, Justice (dissenting).

The commentators appear right that most of the legal theories assigned by the courts for denying recovery are not logical. But are the decisions just?

The apparent unanimity of decision denying recovery in this country in spite of the commentators led me to examine a number of cases. The more I did so, the fairer the results appeared in actual practice and the more anomalous any other result seemed. The same was true of the consortium cases. See as illustrative Ross

v. Cuthbert, 239 Or. 429, 435, 397 P.2d 529, 531 ("It may be that the operation of the rule of contributory negligence which gives the victor all or nothing is a weakness in the textbook writers' logic. Evidently the courts view with disfavor a contention that a third party should pay all of the damages when the husband's own negligence was responsible for some of them."); Emery v. Frateschi, 161 Me. 281, 211 A.2d 578 (son and the third person both on wrong sides of road); McNally v. Addis, 65 Misc.2d 204, 317 N.Y.S.2d 157 (son intoxicated).

Suppose, for example, a youth who has had too much to drink is not watchful and falls down on an icy sidewalk. The jury finds the fall was proximately caused by the youth's negligence in not watching and by the city's negligence in not salting the sidewalk. Under those findings and the court's opinion in the present case, the jury must be told that the city is required to pay full damages for the youth's lost services during minority and for his medical expenses. The same would be true even if the youth were 90% to blame. Such a result seems unjust. Application of comparative negligence would most adequately rectify the injustice, but we do not have comparative negligence in these cases.

The city would undoubtedly seek contribution from the negligent youth. The youth would undoubtedly counter that the city cannot have contribution because of the common liability and family immunity rules. Iowa Power & Light Co. v. Abild, 259 Iowa 314, 144 N.W.2d 303; Barlow v. Iblings, 261 Iowa 713, 156 N.W.2d 105. Such a result also seems unfair when the youth partly or mainly caused the damage. But if the family immunity rule were abrogated and the city recovered over from the youth for half, the practical effect would be, as to the youth's services which belong to the parent, that the youth would pay his parent for half of them, and, as to the youth's medical expenses which constitute a parental obligation, that the youth would bear half of them. Perhaps the youth

would also have to pay for half of the parent's loss of the youth's companionship and society for the period the youth was injured. See Wardlow v. Keokuk, 190 N.W.2d 439 (Iowa).

It may be said of this that insurance will pay everything anyway. But can we proceed initially on the basis of the fault of the individuals involved and then switch to an insurance basis to reach a result? And what if no insurance exists? See Shaker v. Shaker, 129 Conn. 518, 29 A.2d 765; Bush v. Bush, 95 N.J.Super. 368, 231 A.2d 245; Nahas v. Noble, 77 N.M. 139, 420 P.2d 127; Becker v. Rieck, 19 Misc.2d 104, 188 N.Y.S.2d 724; Silverstein v. Kastner, 342 Pa. 207, 20 A.2d 205.

We can in these cases divorce the child from the parent in contemplation of law, but we cannot do so in fact. The rule of the decisions seems the fairer one to me. Some of the cases are Pioneer Constr. Co. v. Bergeron, 170 Colo. 474, 462 P.2d 589; Schaffner v. Smith, 158 Colo. 387, 407 P. 2d 23; Wueppesahl v. Connecticut Co., 87 Conn. 710, 89 A. 166; Heisler v. Kauffman, 273 Ill.App. 133; Brown v. Slentz, 237 Ind. 497, 147 N.E.2d 239; Douga v. Ancona Baking Co., 193 So. 271 (La.App.); Barlow v. Lowery, 143 Me. 214, 59 A. 2d 702; Wineman v. Carter, 212 Minn. 298, 4 N.W.2d 83; Fekete v. Schipler, 80 N.J.Super. 538, 194 A.2d 361; McNally v. Addis, 65 Misc.2d 204, 317 N.Y.S.2d 157; McKirryher v. Yager, 112 Vt. 348, 24 A.2d 336.

I do not think the present case is ruled by Irlbeck v. Pomeroy, 210 N.W.2d 831 (Iowa). There the parent had an otherwise valid cause of action against the third person. The question was whether the guest statute took it away, and we held it did not. We do not have a statute here. Our question is whether the parent has a cause of action in the first place.

I would affirm the judgment.

MOORE, C. J. and REES, J., join this dissent.