858

NATIONAL FOOD PRODUCTS CORPO-
RATION, Appellant,

v.

Ruben SCHAKEL, Appellee.

No. 53640.

Supreme Court of Iowa.

Nov. 12, 1969.

Robert J. Spayde, Oskaloosa, for appellant.

Carroll Johnson, Knoxville, for appellee.

RAWLINGS, Justice.

Plaintiff brought action at law on open account for chicken feed claimed to have been sold to defendant. Jury-waived trial to the court resulted in judgment adverse to plaintiff, and from order overruling a motion for new trial it appeals. We affirm.

Prior to November 16, 1960 (date of apparent first delivery of feed), Ruben Schakel, defendant, established a course of dealing with Harland Boyd, a part-time feed salesman and egg buyer. By mutual agreement or custom Boyd delivered feed to defendant's farm, its cost being in turn set off by eggs sold to Boyd by defendant. Value of the latter usually exceeded price of the former, any difference being paid to defendant.

As best we can determine Boyd sold his feed route to Ottumwa Produce Company sometime in the fall of 1960, and thereafter worked for the purchaser as a salesman on commission basis. The account here concerned later came into being. Subsequently the business name was changed from Ottumwa to Oskaloosa Produce Company, and finally to Oskaloosa Food Products Corporation, which in turn seemingly assigned the claimed account to plaintiff. Undisputed testimony at trial indicates Boyd never communicated to defendant the fact that he had ceased dealing as an independent feed salesman. Neverthless, delivery of feed and purchase of eggs was continued by Boyd as usual. There is a factual dispute as to whether amounts paid by Boyd after November 16, 1960, represented the price of the eggs alone or the price reduced by the value of the feed delivered.

Defendant and Boyd terminated their arrangement about September 28, 1961, and defendant testified he then felt "accounts between myself and Mr. Boyd were straightened up."

Plaintiff sent a statement to defendant some three years later advising him to the effect he owed a total sum of $468.01. Defendant promptly wrote plaintiff asking for an explanation of the claimed account. He received no response and heard nothing

more on the matter until filing of plaintiff's petition on April 5, 1966.

Division I of the petition asks judgment for $342.01 allegedly representing an account assigned to plaintiff by Ottumwa Produce Company. Division II seeks recovery of $126, on accounts claimed to have been assigned plaintiff by Oskaloosa Food Products Corporation. At trial plaintiff's bookkeeper admitted a $90 computational error in Division I which favored defendant.

At close of trial the court dismissed plaintiff's petition holding, inter alia, plaintiff had failed to sustain its burden of proof.

On appeal plaintiff assigns five errors in support of a reversal. In light of our conclusion, infra, we do not consider all of them, reaching only the claim, trial court erred in its finding relative to burden of proof.

I. Without question the burden was upon plaintiff to prove all material elements of the accounts sued upon by a preponderance of the evidence. Rule 344 (f) (5) (6), Rules of Civil Procedure; Rehmann v. Balduchi, Iowa, 169 N.W.2d 894, 895; and Dailey v. Holiday Distributing Corp., 260 Iowa 859, 866–867, 151 N.W. 2d 477, 483.

Significantly we said in Naxera v. Wathan, Iowa, 159 N.W.2d 513, 516: "This being a law action tried to the court, it is reviewable on errors assigned and is not triable de novo here. Rule 334, Rules of Civil Procedure. The evidence will be viewed in the light most favorable to plaintiff—this is also the light most favorable to the trial court's judgment. The trial court's findings of fact have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, they are binding on us and the judgment will not be disturbed on appeal. Citation of authority is unnecessary. Rule 344(f) (1), R.C.P.

"Our problem is to determine whether these facts, with the proper inferences that may be drawn from them, do in fact warrant the findings made within the limit of the rules hereinafter set forth. We will not weigh the evidence or pass on the credibility of witnesses. Crawford Lumber Co. v. Abstract Guaranty Co., 253 Iowa 705, 708, 113 N.W.2d 703, 705; Iowa Mutual Insurance Company v. Combes, 257 Iowa 135, 138, 131 N.W.2d 751, 752; and Zach v. Morningstar, 258 Iowa 1365, 1368, 142 N.W.2d 440, 442."

We cannot say trial court's findings and conclusion relative to plaintiff's failure to meet and sustain its burden of proof lacks substantial support in the record, and are not justified as a matter of law.

There is no need to extend this opinion by further discussion.

Affirmed.

All Justices concur.