# IN THE COURT OF APPEALS OF IOWA

No. 19-0954
Filed June 17, 2020

**ZT ENTERPRISES, INC.,**
    Plaintiff-Appellee,

**vs.**

**ALAN PEDERSEN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe, Judge.

Alan Pedersen appeals the district court's judgment on an open-account claim in favor of ZT Enterprises, Inc. **AFFIRMED.**

James L. Lauer of Dotson, Guenther, Christian & Lauer, Algona, for appellant.

Thomas W. Lipps of Peterson & Lipps, Algona, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

ZT Enterprises, Inc. (ZT) orally agreed to spread chicken litter on farms owned by Alan Pedersen and family members. When Pedersen failed to pay his portion of certain invoices, ZT sued him for the balance due on an open account and for unjust enrichment.

Following trial, the district court found "ZT delivered and spread litter on Pedersen farmland," "the price ZT charged Alan Pedersen for litter . . . was fair and reasonable," ZT and Pedersen "agreed that Pedersen Farms would pay ZT the price," and "Pedersen admitted that Pedersen Farms owed most of the ZT bill." The court granted ZT judgment for $50,031.95 plus interest of 5% on the open account. The court also concluded Pedersen was unjustly enriched.

On appeal, Pedersen contends (1) the court's findings were not supported by substantial evidence and (2) the district court abused its discretion in admitting an exhibit that may not have been provided in discovery.

## I. Substantial Evidence

Pedersen contends the district court's findings on the "basic terms relating to tonnage, price, and payments on the open account" lack support in the record. In his view, "The [c]ourt should have looked <u>not</u> for evidence of what the singular disputed *bill* purported to require, but <u>instead</u> for evidence of what the ongoing *agreement* between the parties should require."

We agree that a claim on an open account may be broader than a single disputed bill. *See Roger's Backhoe Serv.*, *Inc. v. Nichols*, 681 N.W.2d 647, 650 (Iowa 2004) ("Although an account in its narrow sense envisions something evidenced by book records, in a general sense, it encompasses any claim or

demand based on a transaction creating a debtor-creditor relationship.")  But whether ZT's claim is construed narrowly or broadly, the result is the same: the district court's findings were supported by substantial evidence.  *See Nat'l Food Prods. Corp. v. Schakel*, 171 N.W.2d 858, 859 (Iowa 1969) (reviewing district court findings for substantial evidence in an action on an open account for chicken feed claimed to have been sold to a defendant).

Specifically, one of ZT's partners testified his company supplied litter to the Pedersen farms, billing for "freight, cost of product," and "services," which included "loading and reloading in the field" and "spreading" the litter over the farm fields. Based on his long acquaintance with Pedersen, he conducted business informally, always "figur[ing] about what . . . it was going to cost" and giving Pedersen "a number in advance for individual fields."  The quotes he gave Pedersen included the cost of the manure and hauling charged by a local cooperative, together with taxes, as well as ZT's cost of transporting and spreading the litter on the farmland. After the work was completed, he periodically billed Pedersen on an open account. Although he acknowledged his billing practices were unsophisticated, his invoices documented the dates of service, tonnage of litter applied, location of the application, and price.  We have distilled the information as follows:

| DATE | LOCATION | TONS | COST/TON | **TOTAL COST** |
|---|---|---|---|---|
| 3/29/11 | Rutland 4 | 1600 | $34.17 | **$54,672.00** |
| 10/24/11 | So.Gregerson | 256 | $38.17 | **$9,771.52** |
| 3/16/12 | Gilmore | 422 | $42.42 | **$17,901.24** |

ZT apportioned the "Rutland 4" and "Gilmore" costs among the three family members who farmed the land, to arrive at Pedersen's share.[1]  He testified the figures he used were provided by the Pedersen family.  The following tables distill the apportionment:

Rutland 4 – Total Cost of $54,672 for three years:

| YEAR | ALAN PEDERSON ACRES | COST/TON | ALAN PEDERSON SHARE |
|---|---|---|---|
| 2011 | 194.3 | $18,224/year/380.4 acres≈$47.90/acre | $9308.42 |
| 2012 | 194.3 | [same] | $9308.42 |
| 2013 | 327.2 | [same] | $15,675.32 |
| **TOTAL** | | | **$34,292.16** |

Gilmore – Total Cost of $17,901.24 per year:

| YEAR | PERSON FARMING | **ALAN PEDERSEN SHARE** |
|---|---|---|
| 2011 | ALAN (≈1/3) | **$5968.27** |
| 2012 | OTHER | |
| 2013 | OTHER | |

The resulting amounts owed by Pedersen were as follows:

| 1/12 | $34,292.16 | Rutland 4 |
|---|---|---|
| 1/13 | $9771.52 | So.Gregerson |
| 1/13 | $5968.27 | Gilmore |
| **TOTAL** | **50,031.95** | |

In intra-family litigation, Pedersen acknowledged he owed ZT substantial amounts for fertilizer.

---

[1] The "So.Gregerson" share was allocated to Pedersen because his son farmed those acres.

In light of this evidence, we conclude the district court did not err in granting ZT judgment for $50,031.95. Having affirmed the judgment on the open-account theory alleged by ZT, we find it unnecessary to address the unjust-enrichment claim.

## II.     Evidentiary Ruling

On rebuttal, ZT offered an exhibit described by ZT's partner as "a collection of records that creates a billing for Pedersen Farms." The district court admitted the document over Pedersen's objection that it was not previously furnished and lacked a proper foundation. On appeal, Pedersen argues the district court should have excluded the document because "it was not among the documents disclosed to" him in pretrial discovery.

Iowa Rule of Civil Procedure 1.517(3)(a) authorizes exclusion of documents not disclosed in discovery "unless the failure was substantially justified or is harmless." "We 'review decisions on sanctions for violation of discovery for an abuse of discretion.'" *City of Des Moines v. Ogden*, 909 N.W.2d 417, 422–23 (Iowa 2018) (citation omitted).

We discern no abuse. The exhibit contained notes written by Alan Pedersen's brother about each family member's share of the Pedersen farms and the apportioned costs of fertilizer, together with checks written by other family members and an invoice to ZT from the cooperative that distributed the litter. ZT's partner testified the notes correlated with his own notes on the division of the Pedersen farms. Accordingly, they were cumulative. As for the checks, they were cumulative of evidence establishing that the other family members paid their share of the invoices. Finally, the invoice from the cooperative was cumulative of the

partner's testimony about his cost to acquire the litter, as well as the testimony of a cooperative manager who prepared detailed reports on the recipients of the litter. We affirm the district court's ruling on the exhibit.

**AFFIRMED.**